Argued March 4, affirmed April 1, 1959

STOUT *v.* DERRINGER

337 P. 2d 357

*Bruce W. Williams,* Salem, argued the cause for appellant. On the brief were Williams & Skopil and George A. Jones, of Salem.

*George Rhoten,* of Salem, argued the cause for respondent. With him on the brief were Rhoten, Rhoten & Speerstra, of Salem.

Before McALLISTER, Chief Justice, and LUSK, PERRY and CRAWFORD, Justices.

CRAWFORD, J. (Pro Tempore)

Plaintiff sued for damages alleging negligence by defendant in connection with the operation of his automobile and appeals from a judgment dismissing his complaint. The sole question was presented by the supplemental answer. This alleges plaintiff and defendant were employees of the State of Oregon engaged in their employment and that any injuries sustained by the plaintiff arose out of and in the course of their said employment; that both plaintiff and defendant were under the protection of the Workmen's Compensation Act of the state at the time and place of the accident. The issue thus raised was tried to the court. ORS 656.324.

■ There are three assignments of error. Numbers 1 and 2 are based upon admission of evidence as to claims made by the plaintiff and paid by the Commission. Plaintiff filed claim and received benefits. This evidence was admissible as admissions against interest. There was no error.

■ The third assignment of error presents the ques-

tion as to whether plaintiff's injuries arose out of and in the course of the employment of the parties.

The evidence discloses no significant conflict. The accident occurred on the employer's premises, both parties being in the employ of the Oregon State Penitentiary, an employer subject to the Workmen's Compensation Act. On January 17, 1954, about 11:30 p. m., plaintiff was walking within the grounds to his place of employment. Defendant was driving his car. The work shift began at midnight and pursuant to custom the men planned to report about 15 minutes early for roll call. Defendant was in civilian clothes and was proceeding to his home at the guard quarters to change to his guard uniform before reporting.

The facts bring this case within *Kowcun v. Bybee,* 182 Or 271, 186 P2d 790, and *Stuhr v. State Industrial Accident Commission,* 186 Or 629, 208 P2d 450. The lower court relied on the Kowcun case. Plaintiff seeks to distinguish the Kowcun case, but in our opinion it is factually so similar as to be legally applicable to this case. That accident occurred on a parking lot. Plaintiff was walking to her car at the end of her work shift, and was struck by the automobile driven by defendant, who was a co-employee. The Workmen's Compensation Act was involved. This court held the injury which befell plaintiff was "incidental" to her employment; that there existed between her employment and her injury a "direct causal connection." The Stuhr case cites the Kowcun case with approval, and on page 634 of 186 Oregon Reports quotes from *Brady v. Oregon Lumber Co.,* 117 Or 188, 243 P 96, as follows:

"The words in the course of the employment relate to the time, place, and circumstances under which the accident takes place.

"An accident arises in the course of the employ-

ment when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and where he is fulfilling those duties or engaged in doing something incidental thereto."

Plaintiff cites *Blair v. State Industrial Accident Commission,* 133 Or 450, 288 P 204. Blair died of typhoid fever contracted from drinking contaminated water while employed on bridge work. This court held there was no "causal connection between the employment and the disease." The case is clearly distinguishable.

We conclude plaintiff was entitled to compensation under the Workmen's Compensation Act and may not maintain this third party action. ORS 656.154.

Affirmed.