[No. 16944.   Department Two.   March 24, 1922.]

ANTHONY DELTHONY, *Appellant*, v. STANDARD
FURNITURE COMPANY, *Respondent*.[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION ACT— REMEDIES OF WORKMAN—"DELIBERATE INTENT"—STATUTES.   Under Rem. Code, § 6604-6 [Rem. Comp. Stat., 7798] allowing a servant, compensated under the workmen's compensation act, to maintain an action against the master if the injury resulted from "deliberate intention" of the master to produce the injury, there must be a specific intent, not merely carelessness or negligent use of an agency after knowledge on the part of the master that it was dangerous and unsafe.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 28, 1921, upon granting a nonsuit, dismissing an action in tort.   Affirmed.

*Walter G. Kienstra*, for appellant.

*J. Speed Smith* and *Henry Elliott, Jr.*, for respondent.

MAIN, J.—The plaintiffs brought this action to recover for personal injuries for which he claimed the defendant should respond in damages.   At the conclusion of his case, the defendant challenged the legal·

[1]Reported in 205 Pac. 379.

sufficiency of the evidence and moved for a directed verdict. This motion was sustained and a judgment entered dismissing the action, from which the plaintiff appeals.

The respondent conducts a general retail furniture business in the city of Seattle, occupying a seven story building at the corner of Second avenue and Pike streets. The appellant was employed as an electrician and general maintenance man about the building. On April 5, 1909, while he was in the performance of his duties and near a boiler which was installed in the basement of the building, he was seriously injured by the explosion of the boiler. After the injury, he filed a claim with the industrial insurance commission, and as compensation for the injuries which he sustained, was awarded and received the sum of $777.

Notwithstanding this award, the appellant claims the right to recover in this action against the respondent, and founds his claim upon Rem. Code, § 6604-6 (P. C. § 3473-6) [Rem. Comp. Stat., § 7798], which provides, among other things, that, if injury to a workman results from "deliberate intention of his employer to produce such injury, or death, the workman, . . . . shall have the privilege to take under this act, and also have cause of action against the employer." It will be noticed that, before the appellant would be entitled to recover, it would be necessary for him to allege and prove that his injury was the result of a deliberate intention of the respondent to injure him. There is no evidence in the record showing, or tending to show, any such deliberate intention.

It may be admitted that, if the question were one as to whether the respondent was negligent in the manner in which it maintained the boiler, the case would present a question for the jury. The appellant con-

tends that, if the respondent knew of the dangerous and unsafe condition of the boiler, and knowing this fact, if it is a fact, maintained the boiler in a dangerous and unsafe condition, that, as a matter of law, it would be held to have been deliberately intended to produce the injury. But this proposition cannot be sustained. The language of the act is "deliberate intention," and evidence of negligence fails to show such intention. In *Jenkins v. Carman Mfg. Co.*, 79 Ore. 448, 155 Pac. 703, the supreme court of Oregon had this question before it. The act of that state provides that, if injury to a workman results from the "deliberate intention" of the workman himself to produce the injury, there would be no right to take compensation under the act. The language there used, "deliberate intention," is the same as the language of the section of the statute upon which the appellant predicates his right to recover. Construing this language, it was there said:

"We think by the words 'deliberate intention to produce the injury' that the lawmakers meant to imply that the employer must have determined to injure an employe and used some means appropriate to that end; that there must be a specific intent, and not merely carelessness or negligence, however gross."

The cases cited by the appellant do not support the proposition for which he contends. One of them, *Wick v. Gunn*, 169 Pac. (Okl.) 1087, tends to support the position which we here take, which is the same as that of the Oregon court.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.