Argued October 24, 1930; affirmed March 31, 1931

## HEIKKILA *v.* EWEN TRANSFER CO.

(297 P. 373)

*Ernest Cole* and *G. A. Heikkila*, both of Portland, for appellant.

*Miles H. McKey*, Assistant Attorney General (I. H. Van Winkle, Attorney General, and *W. S. Levens*, Assistant Attorney General, on the brief), for respondent.

BEAN, C. J. This is an action for damages for personal injuries brought by virtue of section 49-1828, Oregon Code 1930. The portion material to this case reads as follows:

"\* \* \* If injury or death results to a workman from the deliberate intention of his employer to produce such injury or death, the workman, the widow, widower, child or dependent of the workman shall have the privilege to take, under this act, and also have cause for, action against the employer, as if this act had not been passed, for damages over the amount payable hereunder. \* \* \*"

A demurrer to the complaint was interposed by the defendant, which was sustained by the court, and the case was dismissed.

It is shown by the complaint that both the plaintiff and defendant were under the provisions of the Workmen's Compensation Law of the state of Oregon. The right of recovery is based upon the "deliberate intention" of the employer to produce the injury. Plaintiff was employed by defendant as a truck driver. After setting forth several formal allegations, describing the manner of operating the trucks and the manner in which plaintiff was injured, it is alleged in the complaint that plaintiff was injured as a direct consequence of the "deliberate, wilful, malicious, intentional and criminal acts of the said defendant and its agents to produce said injury to this plaintiff" in the following particulars:

"That the said Mack truck * * * was without brakes, or brakes which were insufficient to control said truck, and that the said defendant and its agents had knowledge of said facts and lack of brakes, or brakes which were not sufficient to control said truck, but that said defendant and its agents had refused, neglected and failed to provide said truck with sufficient brakes to control same, as provided by law, although said defendant and its agents had been requested to do so, and the defendant and its agents knowing the said condition of said truck at said time and place, and that the said Henry Ernst would have no control over said truck by reason thereof, and with a reckless disregard of the consequences thereof, and for the purpose of using the truck being driven by this plaintiff at said time and place as and for a brake for said truck, and to injure plaintiff, the said defendant by and through its authorized agents, maliciously, wilfully, and in violation of the statutes of the state of Oregon, and knowing the nature and contents of the truck being driven by the plaintiff at said time and place, ordered, directed and commanded the said Henry Ernst to follow and to drive and operate the

said truck in said condition directly in the rear of the said truck being driven by the plaintiff herein for the deliberate intention and purpose of producing the said injury to this plaintiff, and that at said time and place of said collision heretofore set forth, the said Henry Ernst by reason of said malicious, wilful and deliberate intentional and criminal acts of said defendant by and through its authorized agents, had no control of said truck and was unable to stop, handle or control said truck or prevent said injury and damage to this plaintiff.''

Plaintiff assigns error in sustaining the demurrer to the amended complaint and dismissing the action. The right of plaintiff to maintain the action, as contended in his brief, appears to be on account of the wilful and intentional misconduct of the defendant in recklessly and carelessly using the truck mentioned without sufficient brakes to control the same.

A fair construction of the complaint is that there was a reckless disregard of the consequences in so using the truck driven by plaintiff as a brake to the other truck which had insufficient brakes. The meaning expressed in the complaint is not that the truck was so operated with intent to injure the plaintiff. The contention in the argument on behalf of the plaintiff, however, is that, on account of the intentional and wilful misconduct of the defendant, they are liable under section 49-1828, Oregon Code 1930, and we are cited to cases in other states having statutes reading ''intentional and wilful misconduct,'' which cases are claimed to be under similar provisions as contained in our statute.

It is further claimed that on account of the violation of the law in using the truck without brakes that such an act would constitute intentional and wilful misconduct, which it is claimed would be, in effect, an intent to produce the injury complained of.

In *Jenkins v. Carman Mfg. Co.*, 79 Or. 448 (155 P. 703), a case which involves similar principles, we find the following language of Mr. Justice McBRIDE, at page 453 of the opinion:

"We think by the words 'deliberate intention to produce the injury' that the lawmakers meant to imply that the employer must have determined to injure an employee and used some means appropriate to that end; that there must be a specific intent, and not merely carelessness or negligence, however gross."

It does not appear that the Ewen Transfer Company determined to injure the plaintiff, or used any means appropriate to that end.

The statute in the state of Washington provides, among other things, that "If injury  *  *  *  result to a workman from the deliberate intention of his employer to produce such injury  *  *  *, the workman,  *  *  *  shall have the privilege to take under this act, and also have cause of action against the employer." In the case of *Delthony v. Standard Furniture Co.*, 119 Wash. 298 (205 P. 379), the Supreme Court of Washington referred to the case of *Jenkins v. Carman Mfg. Co.*, supra, and approved the Oregon Supreme Court's definition of the word "deliberate intention."

All of the facts delineated in the complaint, taken together, do not indicate that the injury of which plaintiff complains was caused by the deliberate intention of his employer, the Ewen Transfer Company, to produce such injury. Their intention was, as alleged, to use the truck in its defective condition without brakes. While this indicates a violation of the law, it does not signify that defendant infringed the law for the purpose of intentionally injuring the plaintiff. The complaint is therefore fatally defective: *Jenkins v. Carman Mfg. Co.*, supra; *Delthony v. Standard Furniture Co.*, supra; *Perry v. Beveradge*, 121 Wash. 652 (209 P. 1102); § 49-1828, Oregon Code 1930.

Under our authorities, recovery by a workman of his employer, where both the employer and employment are under the provisions of the industrial accident commission law, and the recovery is sought in addition to any payment from the accident fund, where the injury results from the deliberate intention of the employer to produce the injury, "deliberate intention" implies that the employer must have determined to injure the employee. It is not sufficient to show that there was mere carelessness, recklessness, or negligence, however gross it may be. Reckless disregard of the consequences, for the purpose of using the truck driven by plaintiff as a brake for the other truck, does not charge an intent to injure plaintiff.

Plaintiff alleges "That as a direct, natural and proximate result of the defendants' deliberate, intentional, malicious, wilful and criminal acts aforesaid, the plaintiff suffered" the injury of which complaint is made. While the complaint indicates that the defendant deliberately intended to use the truck with defective brakes in defiance of section 55-904, Oregon Code 1930, and another truck in the lead to serve as a brake for the hind truck, it does not show a deliberate intention on the part of the employer, the defendant, to injure the plaintiff. One violating the speed law in driving an automobile may be guilty of "wilful misconduct," as held in *Fidelity & Deposit Co. of Maryland v. Industrial Accident Commission of California,* 171 Cal. 728 (154 P. 834, L. R. A. 1916D, 903) ; but such act would not show a "deliberate intention" to injure anyone. See also Willis, Workmen's Compensation, p. 58. The language of our statute is variant from those statutes in the states from which plaintiff cites cases.

The judgment of the circuit court sustaining the demurrer is affirmed.

BROWN, BELT and KELLY, JJ., concur.