ARTHUR BIGGS, *Appellant,* v. DONOVAN-CORKERY LOGGING COMPANY, *Respondent.*[1]

*F. W. Loomis* and *A. P. Wilson,* for appellant.
*Hogan & Adams,* for respondent.

HOLCOMB, J.—This action is one arising under Rem. Rev. Stat., § 7680 [P. C. § 3473], the workmen's compensation act, in which it is provided:

"If injury or death result to a workman from the deliberate intention of his employer to produce such injury, or death, the workman, the widow, widower, child or dependent of · the workman shall have the privilege to take under this act, and also have cause of action against the employer, as if this act had not been enacted, for any excess of damages over the amount received or receivable under this act."

In what amounts to the third amended complaint, it is alleged that appellant has been awarded $210 on account of his injuries claimed as a partial permanent disability and $705 time loss; in all, $915 from the industrial insurance fund; and in this action he

[1]Reported in 54 P. (2d) 235.

asks ten thousand dollars, less the amount received from the industrial insurance fund.

The amended complaint, in effect, pleads that the employer had full knowledge of the laws and regulations established under Rem. Rev. Stat., §§ 7729-30-31-34 [P. C. §§ 3515-3, 3515-4, 3515-5, 3515-8], §§ 10832 and 10838 [P. C. §§4-74, 4-80], prescribing the statutory duty of every employer to furnish a safe place to work and to adopt regulations or standards of safety prescribed by the director of labor and industries; that that department promulgated a safety regulation or standard which was in full force and effect, to-wit:

"The maximum safe working load for all wire cables working under uniform or known loadings shall not be more than one-fifth of the breaking load as given in the schedule of cable manufacturers. When cables deteriorate through rust, wear, fire, broken wires, undue strain or other conditions, use of such cables shall be discontinued."

That all of the foregoing statutes and standards on November 18, 1933, at which time the alleged accident occurred, were in full force and effect, compliance with which was mandatory and violation thereof rendered the violator subject to penalty and punishment; that the employer had full knowledge of all thereof. It is further alleged that the logging equipment belonging to respondent had been badly burned in a forest fire during 1933, necessitating repairs to its donkey engine; that its main line for hauling logs had been so damaged that it had lost its temper and would pull flat; that the employer continued to use the line for several days prior to the accident described; that, a day or two before the accident, the engineer, who was operating the donkey engine, called the attention of the superintendent of respondent to

the condition of the line and told him that it was not fit for use, but that when shown the line, the superintendent only laughed and continued to use the same with an utter and deliberate disregard of the consequences of the act and of the safety of the employees of respondent, including this appellant; that thereafter the line broke and he suffered injuries to his left arm, wrist and hand, by reason of which his earning capacity has been diminished and that he had suffered pain. He further avers that he was working between the donkey engine and the high-lead block, and that he had assumed that his employer had furnished him a safe place to work. There are other details alleged in. the complaint not necessary to set forth.

A demurrer was interposed to the amended complaint, which the trial court sustained and dismissed the action. This appeal results.

The sole errors assigned are in sustaining the demurrer to the complaint and in dismissing the action.

In *Delthony v. Standard Furniture Co.,* 119 Wash. 298, 205 Pac. 379, which was attempted to be maintained under the same statute, where the workman was injured by the explosion of a boiler in the furniture factory of his employer and received an award from the insurance fund, we said, among other things:

"If the question were one as to whether the respondent was negligent in the manner in which it maintained the boiler, the case would present a question for the jury."

We there defined "deliberate intention" as used in our statute as it had been defined in *Jenkins v. Carman Mfg. Co.,* 79 Ore. 448, 155 Pac. 703. Oregon had a statute identical with ours. That court defined the

words ''deliberate intention to produce the injury'' as meaning:

''The lawmakers meant to imply that the employer must have determined to injure an employee and used some means appropriate to that end; that there must be a specific intent, and not merely carelessness or negligence, however gross.''

Appellant contends that the Oregon case relied upon above has been overruled in a recent case by the same court, *Weis v. Allen*, 147 Ore. 670, 35 P. (2d) 478. In that case, a loaded spring gun had been set by the employer for the purpose of injuring any trespasser who might enter upon the premises at night. There was a statute in Oregon making it a penal offense, as shown by the opinion of the court, which prohibited the setting of any spring or set-gun and any gun or fire arm, or other device of any kind designed for containing or firing explosives, in any place whatsoever where the same may be fired, exploded or discharged by the contact of any person or animal with any string, wire, rod, etc. That court approved a definition from a United States supreme court decision in *United Zinc & Chemical Co. v. Britt*, 258 U. S. 268, 42 S. Ct. 299, 36 A. L. R. 28, saying:

''The liability for spring guns and mantraps arises from the fact that the defendant has not rested on that assumption [that no trespasser would intrude], but on the contrary has expected the trespasser and prepared an injury that is no more justified than if he had held the gun and fired it.''

In the *Weis* case, *supra*, the court distinctly said:

''The facts in this case differ essentially from those in *Jenkins v. Carman Manufacturing Co.*, 79 Or. 448 (155 P. 703); *Heikkila v. Ewen Transfer Co.*, 135 Or. 631 (297 P. 373); and *Delthony v. Standard Furniture Co.*, 119 Wash. 298 (205 P. 379), cited by counsel for defendant. In all those instances the injury com-

plained of arose out of and in the course of the plaintiff's employment and was due to carelessness or negligence on the part of the employer in the actual conduct of his business.''

It is thus plain that the Oregon court did not overrule or modify the definition given and approved by us in the *Delthony* case, *supra.*

In *Perry v. Beverage,* 121 Wash. 652, 209 Pac. 1102, 214 Pac. 146, a case where a workman was injured during an altercation in the office of his employer by the foreman of a logging camp who struck an employee a violent blow on the face, it was held that the injury was the result of ''deliberate intention to produce injury'' within Rem. Rev. Stat., § 7680 [P. C. § 3473], giving the employee the right to sue at law for the excess of any damage over the amount receivable from the workmen's compensation fund. In that case, we reaffirmed the definition of the words ''deliberate intention to produce the injury'' that had been announced in the *Delthony* case, *supra.* There is no such feature in this case. (Cf. *Shea v. Olson,* *ante* p. 143, 53 P. (2d) 615.

The cases cited by appellant are not apposite, and it is useless to discuss them.

We have never departed from the rule announced in the *Delthony* case, *supra,* and reaffirmed in the *Perry* case, *supra,* nor has the dissenting opinion of the minority in the *Perry* case been adopted as the law by this court. Those cases were both decided in 1922, should now be considered as precedents and not departed from without grave necessity. *Matson v. Kennecott Mines Co.,* 103 Wash. 499, 175 Pac. 181; *Mattingley v. Oregon-Washington R. & N. Co.,* 153 Wash. 514, 280 Pac. 46.

The judgment is affirmed.

MILLARD, C. J., MAIN, BEALS, and BLAKE, JJ., concur.