ANTHONY ROSS ALLEN *v.* RALEIGH-WYOMING MINING COMPANY

(No. 8356)

Submitted May 13, 1936.   Decided June 20, 1936.

632

*McGinnis, Ashworth & Mann,* for plaintiff in error.

*Clay S. Crouse* and *John Q. Hutchinson,* for defendant in error.

LITZ, JUDGE:

This is an action under section 2, article 4, chapter 23, Code 1931, providing that an employee sustaining injury "from the deliberate intention of his employer to produce such injury," shall be entitled to compensation under the statute, and damages from the employer to the extent of his injury in excess of the amount received or receivable under the Compensation Act.

Plaintiff, Anthony Ross Allen, was injured in the course and as the result of his employment, as servant of defendant, Raleigh-Wyoming Mining Company, on the night of June 7, 1934, while riding the front end of a trip of empty mine cars in the coal mine of defendant, in Raleigh County, by coming in contact with a wooden trapdoor hung across the track. He had been working in the mine about two months. Previous to the day of the injury, a canvass, suspended at the point of the accident, served as a brattice. On that day, the canvass was removed and the trapdoor installed. The cars were being pushed in the mine by an electric motor on which the section foreman, Garland Whitt, was riding. Whitt knew of the installation of the trapdoor and testified that he had advised plaintiff of the fact before the accident.

He also testified that as the trip of cars approached the door, he directed the motorman to slow down, and that the motor and cars were moving very slowly at the time of the collision. But he does not say whether he had, before the accident, informed the motorman of the door or directed him to stop the trip before reaching the point of its location. Plaintiff denied that he knew of the door or that Whitt had given him any warning. Judgment was entered on a verdict of $1600.00 against defendant in favor of plaintiff, and defendant prosecutes error.

The question for decision is whether the evidence is sufficient to prove that the plaintiff's injury was the result of "the deliberate intention" of defendant "to produce such injury," within the meaning of the statute. Our original compensation statute, enacted in 1913, substantially followed, in many respects, the provisions of the first compensation act of the State of Washington, passed in 1911, and the provision now in question, was adopted almost in the exact language of the Washington Act, the only difference being the use of the word "employee" in our statute for "workman" in the Washington Act. In 1913, the State of Oregon also adopted as a part of its first compensation act, the provision in question, and the Supreme Court of that state judicially determined its meaning in *Jenkins* v. *Carmen Mfg. Co.*, (1916) 79 Ore. 448, 155 Pac. 703, 705, 11 N. C. C. A. 547. A demurrer was sustained to the complaint in the case which had been brought by an employee to recover damages from his employer for injuries sustained by him from the operation of a defective roller in a saw mill, at which he was employed, upon the allegation that the employer, knowing of the defective machinery, carelessly, recklessly and negligently failed to repair the same and required workmen to labor in its vicinity, deliberately intending to injure them. In its opinion, the court said: "The deliberate intent (mentioned in the complaint) follows as a deduction from the allegation of knowledge of the danger and the carelessness, negligence and reck-

lessness of the defendant in not obviating it. In our opinion the allegation goes no further than to charge that defendant with full knowledge of the defect, carelessly, negligently and recklessly took the risk of its injuring plaintiff. * * * A deliberate act is one of the consequences of which are weighed in the mind beforehand. It is prolonged meditation, and the word when used in connection with an injury to another denotes design and malignity of heart. * * * We think that by the words 'deliberate intention to produce the injury' that the lawmakers meant to imply that the employer must have determined to injure an employee and used some means appropriate to that end; that there must be a specific intent, and not merely carelessness or negligence, however gross."

In 1922, the Supreme Court of Washington adopted the definition of "deliberate intent" laid down in the *Jenkins* case and ruled that an employee injured in the course of his employment by the explosion of a boiler, maintained by his employer, could not recover damages under the statute in the absence of evidence tending to show a specific deliberate intent on the part of the latter to produce the injury. *Delthony* v. *Standard Furniture Co.*, 119 Wash. 289, 205 Pac. 379, 21 N. C. C. A. 856. The opinion states: "There is no evidence in the record showing, or tending to show, any such deliberate intention. It may be admitted that, if the question were one as to whether the respondent was negligent in the manner which it maintained the boiler, the case would present a question for the jury. The appellant contends that, if the respondent knew of the dangerous and unsafe condition of the boiler, and knowing this fact, if it is a fact, maintained the boiler in a dangerous and unsafe condition, as a matter of law it would be held to have been deliberately intended to produce the injury. But this proposition cannot be sustained." A few months later, the same court, in an action by an employee against an employer and its foreman for injuries sustained by the employee when struck by the foreman with a water

pitcher, said the jury had a right to find that the blow was struck with a deliberate intention to do injury, but dismissed the action against the employer because the plaintiff had failed to show what he had received or was entitled to receive under the compensation act. *Perry* v. *Beverage et al.*, 121 Wash. 652, 209 Pac. 1102, 214 Pac. 146. In *Heikkila* v. *Ewen Transfer Co.*, 135 Ore. 631, 297 Pac. 373, 374, the complaint of an employee against his employer for damages under the statute alleged that the plaintiff had been injured from the deliberate, wilful, malicious, intentional and criminal acts of the employer in requiring him to use his motor truck in front of another truck without brakes to control the defective truck. Sustaining a demurrer to the complaint, the court said: "It is not sufficient to show that there was mere carelessness, recklessness, or negligence, however gross it may be. Reckless disregard of the consequences, for the purpose of using the truck driven by plaintiff as a brake for the other truck, does not charge an intent to injure plaintiff." *Weis* v. *Allen*, 147 Ore. 670, 35 Pac. (2d) 478, 482, permitted a recovery by an employee against his employer. Weis was injured by the discharge of a spring gun set upon the premises of the employer for marauders. The court, in approving a judgment for the plaintiff, stated: "The word 'deliberate' is defined by Funk & Wagnall's dictionary as 'fully or carefully considering the nature or consequences of an act or measure', 'formed after careful consideration', and 'entered upon after deliberation and with fixed purpose.' It was not necessary here to prove that the defendant had singled the plaintiff out and set the gun with the express purpose of injuring him and no one else. The act which the defendant did was unlawful and was deliberately committed by him with intention of inflicting injury." A recent case decided by the Washington Court (*Biggs* v. *Logging Co.*, [1936] 54 P. [2d] 235), held an employee could not recover for injuries sustained by the breaking of a line, used with knowledge of its defectiveness, for hauling logs since there must be specific intent to injure

the employee and the use of some means appropriate to that end, not merely carelessness, however, gross, to warrant recovery under the statute. In construing statutes adopted from another state, the judicial interpretation already placed on that statute by the highest judicial tribunal of such state will usually be adopted. *Nimick* v. *Iron Works*, 25 W. Va. 184; *Rose* v. *Public Service Comm.*, 75 W. Va. 1, 83 S. E. 85, L. R. A. 1915B, 358, Ann. Cas. 1918A, 700; *Kirk* v. *Ins. Co.*, 107 W. Va. 666, 150 S. E. 2. Subsequent decisions, however, have no controlling effect but are highly persuasive and entitled to great consideration. 25 R. C. L. 1073, sec. 295; 59 C. J. 1071, sec. 629; Annotation, Ann. Cas. 1917 B, 651, 656.

This court has twice considered cases brought under our statute. In *Collins* v. *Contracting Company*, 114 W. Va. 229, 171 S. E. 757, 759, damages were sought by the personal representative of an employee whose death had been caused by the caving in of a deep excavation in which he was employed. The declaration charged, substantially, that the employer with deliberate intent to injure or kill the employee had deliberately permitted the excavation in which the employee was required to work to become a veritable deathtrap. This court, in qualifying its holding that the declaration was sufficient to admit proof stated: "We do not say that deliberate intent to injure can be inferred from the facts set up in this declaration. We merely hold that the allegations are sufficient to admit evidence, in addition to the facts alleged, to show such intent." *Maynard* v. *Coal Company*, 115 W. Va. 249, 175 S. E. 70, 72, involved a claim for damages by the administrator of a deceased employee who lost his life by stumbling over a bolt projecting from the surface of a conveyor line, and falling into the moving buckets of the conveyor. In sustaining a demurrer to the declaration and holding that the allegation of a state of facts constituting gross negligence was not sufficient under the statute, this court said: "Gross negligence is not tantamount to 'deliberate intention' to inflict injury. It may be that the carelessness, indifference and negli-

gence of an employer may be so wanton as to warrant a judicial determination that his ulterior intent was to inflict injury. But in the very nature of things, a showing which would warrant such finding would have to be clear and forceful in high degree. Even in the *Collins* case, *supra,* notwithstanding the incriminatory and revolting nature of its allegations, we held merely 'that the allegations are sufficient to admit evidence, in addition to the facts alleged, to show such intent.' "

As the evidence, in our opinion, is not sufficient to establish a deliberate or specific intent on the part of any agent of the employer to cause the injury complained of, the judgment of the circuit court is reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*