[No. 43790.    En Banc.    March 11, 1976.]

DONALD G. FOSTER, *Appellant*, v. ALLSOP AUTOMATIC, INC.,
*Respondent.*

*Richard L. Prout* (of *Mullavey, Hageman, Prout, Kirkland & Coughlin*), for appellant.

*Sigurd Borgersen* (of *Lenihan, Ivers, Jensen & McAteer, P.S.*), for respondent.

UTTER, J.—Plaintiff Foster appeals from an order of the superior court granting defendant's motion for summary judgment and dismissing plaintiff's action against his employer for injuries sustained in an industrial accident. The sole issue presented is whether plaintiff's proof created an issue of fact regarding the "deliberate intention of his em-

ployer" to injure him within the meaning of RCW 51.24.020. No genuine issue of material fact is presented by plaintiff's allegations and we affirm the trial court.

Plaintiff operated a 90-ton hydraulic punch press for defendant Allsop Automatic, Inc. In accordance with applicable regulations[1] the press was equipped with a two-handed tripping device which required the operator to use both hands to activate the press, thus keeping hands removed from the moving parts of the machine. This safety device often was circumvented by unknown persons who placed a screwdriver in one of the tripping switches so that the press could be activated with only one hand. Defendant's shift supervisor was aware of this practice. Plaintiff himself once replaced the screwdriver after it had fallen from the switch and, according to his affidavit, plaintiff was told by his supervisor that this was the proper thing to do. On two occasions a maintenance employee of defendant removed the screwdriver to restore the safety device to proper operation. On December 4, 1973, plaintiff was operating the press with one hand, became momentarily distracted, and was seriously injured when his other hand was struck by the press. In affidavits, several supervisory employees of defendant denied intending any physical injury to befall plaintiff. Plaintiff claimed compensation under the industrial insurance statute, RCW Title 51, and received a permanent partial disability award of $7,800.

In this jurisdiction all civil causes of action by an employee against his employer for personal injuries sustained in an industrial accident have been withdrawn from private controversy by statute, except as expressly allowed. RCW 51.04.010; *Shoopman v. Calvo*, 63 Wn.2d 627, 629, 388 P.2d 559 (1964). The only exception pertinent to the present case is that provided by RCW 51.24.020 which states:

> If injury or death results to a workman from the deliberate intention of his employer to produce such injury or death, the workman  .  .  .  shall have the privilege to take under this title and also have cause of action

[1]WAC 296-58-460.

against the employer as if this title had not been enacted, for any excess of damages over the amount received or receivable under this title.

Relying on this exception, plaintiff contends that both the circumvention of the safety device on the hydraulic press and the injury to his hand were the result of the "deliberate intention" of the defendant and, hence, that he has a cause of action for damages beyond the compensation received from the industrial insurance fund.

The critical statutory language has been construed by this court on three occasions. In *Delthony v. Standard Furniture Co.*, 119 Wash. 298, 205 P. 379 (1922), the court noted that "deliberate intention" was also part of the Oregon workmen's compensation act and relied upon *Jenkins v. Carman Mfg. Co.*, 79 Ore. 448, 155 P. 703 (1916), to define the phrase:

> [B]y the words 'deliberate intention to produce the injury' . . . the lawmakers meant to imply that the employer must have determined to injure an employe and used some means appropriate to that end; that there must be a specific intent, and not merely carelessness or negligence, however gross."

*Delthony v. Standard Furniture Co., supra* at 300. This definition was followed in *Perry v. Beverage*, 121 Wash. 652, 209 P. 1102 (1922), in which it was held that such intent could be found in the act of the employer's foreman striking an employee on the head with a water pitcher, and in *Biggs v. Donovan-Corkery Logging Co.*, 185 Wash. 284, 54 P.2d 235 (1936), in which violation of several safety regulations was held not to support a finding of deliberate intent. The same definition has been applied recently in industrial accident cases coming before our Court of Appeals. *Winterroth v. Meats, Inc.*, 10 Wn. App. 7, 516 P.2d 522 (1973); *Higley v. Weyerhaeuser Co.*, 13 Wn. App. 269, 534 P.2d 596 (1975).

Plaintiff asks us to depart from this line of precedent for three reasons. First, he contends that in *Weis v. Allen*, 147 Ore. 670, 35 P.2d 478 (1934), the Oregon Supreme Court modified the construction of "deliberate intention" an-

nounced in *Jenkins v. Carman Mfg. Co., supra,* and adopted by this court in *Delthony v. Standard Furniture Co., supra.* Although the opinion in *Weis v. Allen, supra* at 678, does state that " '[e]very man is held to the necessary, natural and probable consequences of his act . . .' ", this statement is made by the court in reference to liability for spring guns and not in the interpretation of the workmen's compensation statute. *See Fryman v. Electric Steam Radiator Corp.,* 277 S.W.2d 25, 27 (Ky. 1955). As we noted in *Biggs v. Donovan-Corkery Logging Co., supra* at 287-88, the Oregon court in *Weis* merely distinguished its earlier decision and did not overrule or modify the definition stated in *Jenkins.* Moreover, that definition was reaffirmed in Oregon as recently as 1964. *Caline v. Maede,* 239 Ore. 239, 396 P.2d 694 (1964).

■ Second, plaintiff seeks to distinguish the one Washington decision finding "deliberate intention" from the others by suggesting that a characterization of the employer's conduct as "active" or "passive" underlies the conclusions reached in the three cases. This rationale is not apparent from either the language or the reasoning of those decisions. In addition, such a distinction is not helpful. "In theory the difference between the two is simple and obvious; but in practice it is not always easy to draw the line and say whether conduct is active or passive." W. Prosser, *Law of Torts* § 56, at 339 (4th ed. 1971). An action under RCW 51.24.020 is allowed for all injuries resulting from the "deliberate intention of [the] employer to produce such injury," even if the employer's conduct manifesting that intent might be characterized as "passive" in nature.

■ Third, plaintiff contends that legislative enactments have significantly altered the employer-employee relationship since we last considered the language of RCW 51.24.020[2]

---

[2]In this connection, plaintiff referred in his oral presentation to the Washington Industrial Safety and Health Act of 1973, RCW 49.17, regulations prescribing safety standards for the metals industry, WAC 296-58, and the federal Occupational Safety and Health Act, 29 U.S.C. § 651 *et seq.* (1970).

and, thus, that the construction approved of in *Biggs v. Donovan-Corkery Logging Co., supra,* should be changed. However, the interpretation adhered to in *Biggs* has been in effect for more than 50 years and legislative approval is presumed. As the court in *Winterroth v. Meats, Inc., supra* at 13, stated:

> It would have been a simple matter for the legislature to have changed the rule and adopted a broader exception so as to permit the action here if the legislature wished . . . This is all the more true because the legislature during the last 50 years has amended the industrial insurance act in a number of respects but has never changed the critical language contained in RCW 51.24.020.

There has been no legislative attempt to modify this long-standing meaning of "deliberate intention."

Our adherence to the established definition is bolstered by decisions in other jurisdictions. West Virginia's industrial insurance statute is modeled after the Washington act and the courts of that state have interpreted the phrase "deliberate intention" in a similar way, relying upon *Delthony v. Standard Furniture Co., supra,* and *Biggs v. Donovan-Corkery Logging Co., supra. Allen v. Raleigh-Wyoming Mining Co.,* 117 W. Va. 631, 186 S.E. 612 (1936); *Brewer v. Appalachian Constructors, Inc.,* 135 W. Va. 739, 65 S.E.2d 87 (1951). Kentucky's workmen's compensation act contains language identical to that in RCW 51.24.020. In *Fryman v. Electric Steam Radiator Co., supra,* the court, citing *Biggs v. Donovan-Corkery Logging Co., supra,* held that allegations that a metal press was defective and that the employer knew of the unsafe condition of the press but allowed the employee to work with the machine without any safety devices were not sufficient to state a cause of action for injuries resulting from the "deliberate intention of his employer to produce such injury." *Accord, McCray v. Davis H. Elliott Co.,* 419 S.W.2d 542 (Ky. 1967). *Cf. Finch v. Swingly,* 42 App. Div. 2d 1035, 348 N.Y.S.2d 266 (1973);

*Breimhorst v. Beckman*, 227 Minn. 409, 35 N.W.2d 719 (1949).

■■ The question, then, is whether the facts alleged by plaintiff created a genuine issue as to the "specific intent" of the defendant to injure plaintiff using " 'some means appropriate to that end.' " *Delthony v. Standard Furniture Co., supra* at 300. Contrary to plaintiff's contention, the required intention relates to the injury, not the act causing the injury. RCW 51.24.020 refers to the "intention of [the] employer *to produce such injury.*" (Italics ours.) *See* Restatement (Second) of Torts § 8A., comment *a* at 15 (1965). Affidavits of defendant's supervisory employees submitted in support of the motion for summary judgment denied any intent to injure plaintiff. This denial made a prima facie case and cast upon plaintiff the necessity of showing facts establishing "deliberate intention." *Washington Osteopathic Medical Ass'n v. King County Medical Serv. Corp.*, 78 Wn.2d 577, 478 P.2d 228 (1970). From our review of the affidavits submitted, we find that plaintiff has not submitted facts from which a reasonable inference could be drawn that defendant possessed the specific intent to produce injury required by the statute. Plaintiff does not contend that discovery beyond that already undertaken would enable him to show such specific intent. *See Winterroth v. Meats, Inc., supra* at 13-14. Therefore we hold that the trial court did not err in entering the order of summary judgment and dismissal.

Judgment affirmed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, BRACHTENBACH, and HOROWITZ, JJ., concur.