[No. 11617-7-I.   Division One.   October 29, 1984.]

RICHARD NEWBY, *Appellant,* v. KEN GERRY, SR., ET AL,. *Respondents.*

*Shields & Clarke* and *Michael A. Clarke,* for appellant.

*Chris W. Erickson,* for respondents.

CALLOW, J.—Richard Newby appeals a summary judgment dismissing his tort action against a co–employee for injury sustained during the course of his employment.

Newby fell from a scaffolding during the course of his employment. He claims the fall occurred when a co–employee supervisor, Ken Gerry, approached him from the rear, gave a loud yell and grabbed him by the ankles. Both Newby and Gerry were employed by the same milling and woodworking firm. Newby alleged that, *inter alia,* Gerry intentionally assaulted him. Gerry denied all allegations and moved to dismiss Newby's suit on the basis that Newby's claim was barred by RCW 51.04.010.[1] The trial court granted Gerry's motion for summary judgment, and Newby filed a timely appeal.

"A motion for summary judgment should be granted only

---

[1] The Legislature amended the workers' compensation statute in March 1984. *See* Laws of 1984, ch. 218, §§ 1–9. The amendments do not affect the analysis or result of this case.

if there are no material issues of fact and the moving party is entitled to judgment as a matter of law." *Strachan v. Kitsap Cy.*, 27 Wn. App. 271, 272–73, 616 P.2d 1251, *review denied*, 94 Wn.2d 1025 (1980). The plaintiff, Newby, claimed the alleged assault was intentional, whereas Gerry, the defendant, denied all allegations of an intentional or negligent tort. Thus, whether a tort had occurred and the very nature of the tort were in conflict. Nonetheless, the trial court concluded as a matter of law that Newby was precluded by RCW 51.04.010 and 51.24.030 from suing Gerry, his co–employee.

The issue presented is whether an employee can sue for injuries suffered on the jobsite from the intentional assault of a co–employee.

Newby argues that the workers' compensation statute, RCW 51.04.010 *et seq.*, does not forbid a suit against a co–employee for intentional injuries. Gerry claims that the statute requires that all workplace injuries be compensated for through the workers' compensation system.

In resolving this issue we must interpret the Industrial Insurance Act to promote its purpose and intent. *Condit v. Lewis Refrigeration Co.*, 101 Wn.2d 106, 110, 676 P.2d 466 (1984); *Millers Cas. Ins. Co. v. Briggs*, 100 Wn.2d 1, 5, 665 P.2d 891 (1983). A statute must be read to avoid injustice or an absurd result. *Bellevue Fire Fighters Local 1604 v. Bellevue*, 100 Wn.2d 748, 751, 675 P.2d 592 (1984); *Standing v. Department of Labor & Indus.*, 92 Wn.2d 463, 473–74, 598 P.2d 725 (1979); *Krystad v. Lau*, 65 Wn.2d 827, 844, 400 P.2d 72 (1965); *Alderwood Water Dist. v. Pope & Talbot, Inc.*, 62 Wn.2d 319, 382 P.2d 639 (1963). Clear legislative intent, drawn from the statute as a whole, should control interpretation even though contrary to strict statutory language. *In re R.*, 97 Wn.2d 182, 641 P.2d 704 (1982); *Janovich v. Herron*, 91 Wn.2d 767, 592 P.2d 1096 (1979); *Johnson v. Tradewell Stores, Inc.*, 24 Wn. App. 53, 600 P.2d 583 (1979), *aff'd*, 95 Wn.2d 739, 630 P.2d 441 (1981). Further, the workers' compensation statute must be construed to promote benefits and protect workers. *See Wilber*

*v. Department of Labor & Indus.,* 61 Wn.2d 439, 378 P.2d 684 (1963); *Gaines v. Department of Labor & Indus.,* 1 Wn. App. 547, 463 P.2d 269 (1969).

With these rules in mind, we examine the workers' compensation statute, RCW Title 51. The jurisdictional statement is RCW 51.04.010, which provides:

> Declaration of police power—Jurisdiction of courts abolished. The common law system governing the remedy of workers against employers for injuries received in employment is inconsistent with modern industrial conditions. In practice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the worker and that little only at large expense to the public. The remedy of the worker has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage worker. The state of Washington, therefore, exercising herein its police and sovereign power, declares that *all phases of the premises are withdrawn from private controversy,* and sure and certain relief for workers, injured in their work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this title; and to that end all civil actions and civil causes of action for such personal injuries and *all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this title provided.*

(Italics ours.)

■■ The act provides two situations in which a worker will not be barred from pursuing a civil remedy. The first involves actions against an employer for intentional injury. RCW 51.24.020.[2] The second occurs when the worker is

---

[2]Former RCW 51.24.020 provided:

If injury or death results to a worker from the deliberate intention of his or her employer to produce such injury or death, the worker, surviving spouse, child, or dependent of the worker shall have the privilege to take under this title and also have cause of action against the employer as if this title had not been enacted, for any excess of damages over the amount received or receiv-

injured on the job by the wrongful conduct of a third party. RCW 51.24.030.[3]

The removal of jurisdiction from the courts over suits for workplace injuries, as expressed in RCW 51.04.010, is to protect the employee and the employer. The statute concerns itself primarily with suits by workers against their employers. The first sentence refers to, "the remedy of workers against employers . . ." The third sentence concerns the costs of worker suits to (1) the employer, (2) the employee, and (3) the public. The first part of the statute does not address the issue of suits by co–employees for intentional torts.

Washington courts for decades have concluded that the workers' compensation statute regulates employees' claims for injuries against their employers. The Supreme Court stated in *Stertz v. Industrial Ins. Comm'n*, 91 Wash. 588, 590–91, 158 P. 256 (1916), that

> Our act came of a great compromise between employers and employed. Both had suffered under the old system, the employers by heavy judgments of which half was opposing lawyers' booty, the workmen through the old defenses or exhaustion in wasteful litigation. Both wanted peace. The master in exchange for limited liability was willing to pay on some claims in future where in the past there had been no liability at all. The servant was willing not only to give up trial by jury but to accept far less than he had often won in court, provided he was sure to get the small sum without having to fight for it. All agreed that the blood of the workman was a cost of production, that the industry should bear the charge.

---

able under this title.

We point out that generally if a workman is injured in his employment and brings an action for an intentional tort against his employer, the claim will be based on the conduct of the employer's agent or agents under the established rules of vicarious liability.

[3]Former RCW 51.24.030 provided:

"If the injury to the worker is due to the negligence or wrong of a third person not in the same employ, the injured worker or beneficiary may elect to seek damages from the third person."

The assumption that the statute concerns employee–employer relations still is present. In *Seattle–First Nat'l Bank v. Shoreline Concrete Co.,* 91 Wn.2d 230, 588 P.2d 1308 (1978), the court stated:

In effect, the Act "immunizes", from judicial jurisdiction, *all tort actions which are premised upon the "fault" of the employer vis–a–vis the employee.* The determination to abolish judicial jurisdiction over such "immunized" conduct was a legislative policy decision.

(Italics ours.) 91 Wn.2d at 242. *Accord, e.g., Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 885, 652 P.2d 948 (1982).

The latter part of RCW 51.04.010, however, extends beyond employer–employee suits. It withdraws from superior courts *all* jurisdiction to hear common law personal injury suits. The abolition is not limited to employer–employee actions. The inconsistency between the first and second parts creates an ambiguity. It is unclear from the language of the statute whether the Legislature considered intentional tort actions by co–employees.

This ambiguity also is present in cases on co–employee intentional injury. The first case addressing the issue in light of the workers' compensation statute is *Perry v. Beverage,* 121 Wash. 652, 655, 209 P. 1102, 214 P. 146 (1922). In that case, Beverage, a foreman in charge of a logging camp, "picked up an enameled water pitcher and struck Perry [a bucker for the same camp] a violent blow on the left side of the face, seriously injuring him." The testimony as to whether the act was in self–defense or an intentional assault was in conflict. The court held that when Beverage struck Perry, he was acting within the scope of his employment as a foreman in charge of discipline and order of the logging camp.

In a unanimous 5–judge departmental opinion, the court held that the judgment against Beverage was proper. The judgment against Webb Logging, Perry's employer, was reversed on the basis of a failure of proof of the amount of workers' compensation received by Perry which would be deducted from the judgment. Upon a petition for rehearing,

one of the departmental judges changed his mind.

On rehearing, the court stated in a 5–to–4 decision

that an injured workman who is under the workmen's compensation act, *and whose injury grew out of his employment,* has no right of action, either against his employer or against a third person, *except as provided in the act.*

(Italics ours.) 121 Wash. at 666. The opinion further states:

The right of action here reserved is against the employer. Beverage was not the employer, but the superintendent and manager of the logging company which was the employer of the respondent. . . . It seems an anomaly to say that one who has been injured by the deliberate intention of another to do injury does not have a right of action against such person; but the doctrine is well settled by the decisions of this court to which attention has been called, and so long as those decisions remain undisturbed the result cannot be otherwise.

*Perry v. Beverage, supra* at 667–68. The en banc majority opinion held that under the wording of the workers' compensation act, the employee had no cause of action against a co–employee who struck him in the course of the co–employee's employment.

Following *Perry v. Beverage,* however, came *Biggs v. Donovan–Corkery Logging Co.,* 185 Wash. 284, 54 P.2d 235 (1936), which involved a logger injured when a main line for hauling logs broke after the superintendent of the company had ignored warnings that the cable was damaged and not fit for use. The *Biggs* case discussed *Perry v. Beverage* and interpreted the holding of *Perry* in accord with the original departmental opinion. *Biggs v. Donovan–Corkery, supra* at 288, states:

In *Perry v. Beverage,* . . . it was held that the injury was the result of "deliberate intention to produce injury" . . ., *giving the employee the right to sue at law for the excess of any damage over the amount receivable from the workmen's compensation fund.*

(Italics ours.) We are concerned with the "deliberate intent to injure" an employee by a co–employee. We therefore

conclude that the court in *Biggs* adopted the just result of the departmental opinion in *Perry,* not the en banc majority holding. A basis exists for allowing co–employee suits for intentional torts.

We also must examine the legislative intent and policies from the statutory scheme. RCW 51.24.020 allows an employee to sue an employer for intentional injuries but does not address actions by one employee against another for intentional torts. We find it unreasonable to interpret the statute to allow recovery for intentional torts caused by employers but disallow actions by co–workers. No basis exists for such a distinction.

Further, allowing suit for co–employee intentional torts is not inconsistent with the policy expressed in RCW 51.04-.010: to remove from the courts costly, uncertain and time–consuming employer–employee suits. The Legislature intended that different factors predominate when the employer commits an intentional tort. Those are compensation and deterrence. *See* RCW 51.24.020. Those factors also are present here. Moreover, RCW 51.24.030–.040 allow a worker to recover from nonemployee third persons who injure him by their "negligence or wrong." Thus, the importance of compensation for the injured worker by a third party also overrides the policies expressed in RCW 51.04.010. In determining when a worker can sue at common law for workplace injuries, the Legislature has expressed the following policies:

1. Workers should receive swift compensation for their injuries, RCW 51.04.010.

2. Employers and the public should have workplace injuries resolved cheaply, RCW 51.04.010.

3. Compensating worker–victims of intentional torts by employers, and forcing those employers to pay for intentional injuries they inflict, predominates over the need for a swift and sure remedy for workplace injuries. RCW 51.24-.020.

4. Outside the employee–employer relationship, swift and sure compensation is less important. Courts may apply tra-

ditional common law remedies, even though the injury may have occurred in the workplace, RCW 51.24.030–.040. The importance of policies 3 and 4 supports recognition of the common law action.

We believe further reasons exist for concluding that RCW 51.04.010 does not withdraw the jurisdiction of the courts over co–employee intentional torts. Courts of other jurisdictions have identified these reasons, that we believe fall into two general categories.

A

FORBIDDING SUIT WOULD SHIELD A WRONGDOER
WHO INTENTIONALLY INJURES A CO–WORKER

Sound public policy demands that an intentional wrong-doer not use the workers' compensation laws as a shelter from liability. A number of courts in other jurisdictions have relied on this rationale in allowing such suits to proceed. *See Elliott v. Brown,* 569 P.2d 1323, 1327 (Alaska 1977); *Hollrah v. Freidrich,* 634 S.W.2d 221 (Mo. Ct. App. 1982); *Rothfuss v. Bakers Mut. Ins. Co.,* 107 N.J. Super. 189, 257 A.2d 733 (1969); *Andrews v. Peters,* 55 N.C. App. 124, 284 S.E.2d 748, 750 (1981), *review denied,* 305 N.C. 395, 290 S.E.2d 364 (1982); *Gillespie v. Vecenie,* 292 Pa. Super. 11, 436 A.2d 695, 698 (1981); *Bryan v. Utah Int'l,* 533 P.2d 892 (Utah 1975). *But see Fregeau v. Gillespie,* 96 Ill. 2d 479, 451 N.E.2d 870 (1983); *Schlenk v. Aerial Contractors, Inc.,* 268 N.W.2d 466 (N.D. 1978). Forbidding suit would allow an employee to bludgeon a co–worker with civil impunity, and the injured worker might be required to accept less than full compensation for his injuries. *See Stertz v. Industrial Ins. Comm'n, supra* at 590–91.

Moreover, barring suit would remove the deterrent effect of civil liability and damages. As the court noted in *Bryan v. Utah Int'l, supra* at 894:

> The policy of our law has always been to allow one injured through the intentional act of another, to seek redress from the one intending harm. That policy has the salutary effect of deterring intentional injury. It would serve no social purpose to allow an employee to inten-

tionally injure another employee engaged in the same employment, then use an otherwise socially beneficial, remedial, statute as a shield for such wrongdoing.

A strict reading of the statute would create an unfairness to all involved parties and remove the law's deterrent effect.

## B
### THE RECOGNITION OF CO–EMPLOYEE INTENTIONAL TORT SUITS WILL FURTHER THE POLICIES OF THE WORKERS COMPENSATION STATUTE

A major purpose of the workers' compensation act is the protection of state workers. *See* RCW 51.04.010. All major parties in the workers' compensation scheme will benefit from permitting suit to proceed. The employer and workers' compensation fund will benefit because it has a lien on any recovery from the tortfeasor for benefits paid. *See* RCW 51.24.060; *Elliott v. Brown, supra* at 1327. The employee will benefit by possessing a right to recover for the full measure of his injuries. *See Bryan v. Utah Int'l, supra* at 894. The public will benefit by a fairer allocation of compensation for injuries, and the deterrence of workplace intentional torts. The consumers will benefit because the costs of the wrongdoer's actions are not passed on as higher prices for goods and services. Only the intentional tortfeasor stands to lose if a suit proceeds. He is not deserving of protection. *See Gillespie v. Vecenie,* 436 A.2d at 698.

The defendant contends that this case is controlled by *Peterick v. State,* 22 Wn. App. 163, 589 P.2d 250 (1977). *Peterick* stated:

> It is implicit in the legislature's inclusion of a provision in RCW 51.24.010[4] allowing a workman injured in the course of his employment by the "negligence or wrong of another not in the same employ" to elect to sue that person, that the legislature intended that one *in* the "same employ" would *not* be susceptible to suit.

---

[4]RCW 51.24.010 was repealed by Laws of 1977, 1st Ex. Sess., ch. 85, § 10, p. 366. *See* RCW 51.24.030–.100.

22 Wn. App. at 190.

*Peterick v. State, supra,* considered whether a valid distinction existed between a company's employees and its officers and directors in ascertaining whether statutory immunity was to be granted to those "in the same employ." Former RCW 51.24.010. The court concluded that no distinction existed. The opinion did not consider the result when one employee intentionally injures another. *See Peterick,* at 190–93. *Peterick* has no precedential weight here. Moreover, *Peterick* is distinguishable on its facts. The court held that the plaintiffs had failed to establish that their employer possessed the "deliberate intention" to injure necessary to sustain a common law suit. The court, therefore, was faced with a case in which the plaintiffs had established only negligence. Indeed, the presence of an intentional tort is crucial to this issue.

The distinction is clear between intentional torts and those arising from negligence. An actor is more culpable, and hence more deserving of being required to pay for the harm if he intends to cause injury. *Bazley v. Tortorich,* 397 So. 2d 475, 480 (La. 1981); *see* W. Prosser, Torts §§ 7 *et seq.* (4th ed. 1971). Harmful conduct is universally considered more reprehensible if the actor intends to injure. "[E]ven a dog distinguishes between being stumbled over and being kicked." O. Holmes, *The Common Law* 3 (1881). The law generally imposes greater responsibility on intentional tortfeasors. Prosser § 7; *see generally* Bauer, *The Degree of Moral Fault as Affecting Defendant's Liability,* 81 U. Pa. L. Rev. (1932).

> Further, a co–employee's immunity
>
> attaches to the coemployee only when the coemployee is acting in the course of his employment. This is consistent with the justification for the immunity first described, since the coemployee's employment status does not increase the risk of his causing non–industrial injuries to his fellow–workers.

(Footnote omitted.) 2 A. Larson, *Workmen's Compensation* § 72.22, at 14–36 (Desk ed. 1984). The intent–negligence

distinction is sufficient to distinguish *Peterick.*

We hold that a strict reading of RCW 51.04.010 for co–employee intentional torts is inconsistent with legislative purpose and sound public policy. No justification exists for allowing an intentional assault upon a fellow employee under the claim that the act was done in the course of employment. We hold that the workers' compensation act does not preclude recovery under the act for such an injury incurred on the job and recovery also against the wrongdoer over and above the limits of the act, subject to recoupment by the employer. *See* RCW 51.24.060.

This action was dismissed on summary judgment. Summary judgment is proper when no issue of material fact exists and the law requires the result. *Balise v. Underwood,* 62 Wn.2d 195, 199, 381 P.2d 966 (1963). All reasonable inferences are drawn in favor of the nonmoving party. *LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975). The plaintiff claims the defendant *intended* to injure him. That issue is as yet unresolved. Summary judgment was therefore improper.

The summary judgment of dismissal is reversed and the cause remanded for trial.

WILLIAMS and RINGOLD, JJ., concur.