[Nos. 13692-2-III; 15029-1-III.    Division Three.    February 18, 1997.]

JAMES L. GOAD, ET AL., *Appellants,* v. JAMES H. HAMBRIDGE, ET AL., *Respondents.*

*John A. Bardelli* and *Bardelli & Clayton,* for appellants.
*J. Scott Miller* and *Johnson, McLean, Devlin & Miller,* for respondents.

THOMPSON, J. — James and Betty Goad appeal the summary dismissal of their claims against Springdale Lumber Co., arising out of Mr. Goad's workplace injury. They claim the evidence established a factual issue whether Springdale deliberately intended the injury, so as to avoid the exclusive remedy provided by the state Industrial Insurance Act, Title 51 RCW. We affirm.

Mr. Goad's hand was severely injured when he reached in to remove a loose piece of wood from the planer at Springdale's sawmill on October 31, 1989. The Goads later sued Springdale and its owners, James and Carolyn Hambidge,[1] alleging Springdale willfully and deliberately failed to make the equipment safe and to warn of dangers associated with it, and negligently or intentionally inflicted severe emotional distress.

In response to Springdale's motion for summary judgment, the Goads presented evidence that Yates-American Machine Co., successor to the manufacturer of the planer on which Mr. Goad was injured, had advised Springdale repeatedly of the potential for serious injury on the equipment. Yates-American's letters advised owners to conduct

---

[1]The Goads' complaint spelled the name "Hambridge," but the record indicates the correct spelling is "Hambidge." We will use the correct spelling. The record also indicates Springdale is a corporate entity, shares of which are held exclusively by the Hambidges. The record does not indicate on what basis the Goads alleged the Hambidges were personally liable for the acts or omissions of the corporation; the Goads' briefs do not contend the court erred in dismissing the Hambidges as individual defendants. We therefore will not discuss the Hambidges' potential individual liability.

periodic safety meetings to make employees aware of the dangers, and offered guard kits (including warning signs) to protect workers from the machine's pinch points. Springdale did not contact Yates-American about the safety concerns. Mr. Goad testified he was not told of Yates-American's concerns, nor did Springdale conduct regular safety meetings.

Mr. Goad testified safety officials discussed a lock-out procedure to permit workers to shut down the machine safely before reaching inside it, but Springdale did not implement such a procedure.[2] Nor did Springdale provide warning signs or guards on the machine's pinch points. However, all persons who operated the planer (including Mr. Goad) were told not to reach into the machine while it was operating.

Mr. Goad admitted he was aware of the danger of reaching into the machine, and it would have been easy for him to shut it down before reaching inside. He characterized his action as a "lapse in thought" resulting from "absent-mindedness," but testified he would not have reached inside if Springdale had placed more emphasis on safety, installed guards and warning signs, and instituted a lock-out procedure. Mr. Goad conceded no one instructed him to reach into the planer, nor did he believe anyone wanted him to be hurt.

The superior court concluded the evidence failed to establish a "deliberate intention" of Springdale to produce Mr. Goad's injury, and the claims thus were not viable pursuant to RCW 51.24.020. The court denied reconsideration of its summary judgment order, and the Goads appealed. Springdale cross-appealed the superior court's denial of attorney fees, but this court dismissed the cross-appeal as untimely.

Meanwhile, contending the superior court's earlier summary judgment order did not dispense with all of their al-

---

[2]Mr. Hambidge testified a lock-out procedure would have been impractical and too time consuming, because it would have required the worker to turn the machine off.

legations, the Goads attempted to proceed with the claims for negligent or intentional infliction of emotional distress. The superior court granted Springdale's motion for summary judgment as to those claims, and the Goads now have appealed that order. Springdale timely cross-appealed the superior court's denial of attorney fees as part of its second summary judgment order. The two appeals have been consolidated.

■ ■ In reviewing a summary judgment order, this court engages in the same inquiry as did the superior court. *Atherton Condo. Apartment–Owners Ass'n Bd. v. Blume Dev. Co.*, 115 Wn.2d 506, 515-16, 799 P.2d 250 (1990). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56(c). The burden is on the moving party to establish its right to judgment as a matter of law, and facts and reasonable inferences from the facts are considered in favor of the nonmoving party. *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 452, 842 P.2d 956 (1993).

■ We first consider whether there is a genuine issue whether Springdale deliberately intended to bring about Mr. Goad's injury. Washington's Industrial Insurance Act generally makes employers immune from civil suits by workers. RCW 51.04.010; *see Birklid v. Boeing Co.*, 127 Wn.2d 853, 859, 904 P.2d 278 (1995). However, this immunity does not apply to employers who deliberately injure their employees:

> If injury results to a worker from the deliberate intention of his or her employer to produce such injury, the worker or beneficiary of the worker shall have the privilege to take under this title and also have cause of action against the employer as if this title had not been enacted, for any damages in excess of compensation and benefits paid or payable under this title.

RCW 51.24.020.

Washington cases have interpreted this provision to require " 'a specific intent, and not merely carelessness or negligence, however gross.' " *Delthony v. Standard Furniture Co.*, 119 Wash. 298, 300, 205 P. 379 (1922) (quoting *Jenkins v. Carman Mfg. Co.*, 79 Or. 448, 155 P. 703 (1916)); *Birklid*, 127 Wn.2d 860. *Birklid* summarized the development of Washington law in this area:

> Neither gross negligence nor failure to observe safety procedures and laws governing safety constitutes a specific intent to injure. *Biggs v. Donovan-Corkery Logging Co.*, 185 Wash. 284, 54 P.2d 235 (1936); *Peterick v. State*, 22 Wn. App. 163, 189, 589 P.2d 250 (1977), *overruled on other grounds by Stenberg v. Pacific Power & Light Co.*, 104 Wn.2d 710, 709 P.2d 793 (1985). Nor is an act that has a substantial certainty of producing injury sufficient to show deliberate intention. *Higley v. Weyerhaeuser Co.*, 13 Wn. App. 269, 271-72, 534 P.2d 596, *review denied*, 85 Wn.2d 1013 (1975). In *Higley*, a saw operator was injured when a piece of a saw's rotating cutterhead broke loose, breaking through a Plexiglass shield and driving a piece of the shield into Higley's right eye. Higley sued, alleging negligence so gross as to constitute an intentional act. He submitted affidavits attesting to the frequency of breaking and flying cutterheads and the inadequacy of the Plexiglass shielding. The court of appeals, citing *Winterroth v. Meats, Inc.*, 10 Wn. App. 7, 516 P.2d 522 (1973), held that Higley's failure to show the employer's specific intent to injure him was fatal to his claim. *Higley*, 13 Wn. App. at 271.
>
> In *Foster v. Allsop Automatic, Inc.*, 86 Wn.2d 579, 547 P.2d 856 (1976), a worker injured his hand in a press. Supervisors had knowingly allowed the disabling of a safety device that required both hands to be free of the press during operation. The plaintiff urged that the defendant's behavior amounted to a deliberate intention to injure him. The court disagreed, holding that "the required intention relates to the injury, not the act causing the injury." *Foster*, 86 Wn.2d at 584. The plaintiff had not submitted sufficient facts to make a prima facie showing of the employer's intent to injure him.

*Birklid*, 127 Wn.2d at 860-61.

*Birklid* criticized this restrictive interpretation of RCW 51.24.020, but rejected tests adopted in other jurisdictions, including Oregon's "conscious weighing" test.[3] *Id.* at 863-65. The Supreme Court instead held the statutory phrase "deliberate intention" means an employer must have had "actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." *Id.* at 865; *see Baker v. Schatz*, 80 Wn. App. 775, 781, 912 P.2d 501, *review denied*, 129 Wn.2d 1031 (1996).

In *Birklid*, the plaintiffs had presented evidence that the employer knew its workers were being exposed to toxic chemicals and that the chemicals would make the workers sick. *Birklid*, 127 Wn.2d at 856-57. The court concluded this evidence was sufficient to permit a trier of fact to determine there was a "deliberate intention" under RCW 51.24.020. *Birklid*, 127 Wn.2d at 865-66.

In this case, by contrast, the Goads have presented no evidence that Springdale knew Mr. Goad's injury was certain to occur. At best, Springdale knew of the *potential* of an injury similar to Mr. Goad's, which is not enough to satisfy the *Birklid* standard. Even interpreting the facts most generously to the Goads, there is no evidence Springdale had actual knowledge of a certain injury, and the trial court correctly entered summary judgment in favor of Springdale.

■ The Goads contend, however, that their claims for infliction of emotional distress are not barred by the Industrial Insurance Act. In *Birklid*, the Supreme Court held the Act does not bar a claim for "an injury that is of a different nature, arises at a different time, and stems from different causes than [the] workplace injury . . . ." *Birklid*, 127 Wn.2d at 870.

The sole basis for the Goads' claims is Springdale's alleged failure to provide a safe workplace and Mr. Goad's resulting injury. Their emotional distress claims stem

---

[3]The Goads rely on two decisions interpreting Oregon law, both of which the Washington Supreme Court considered and rejected in *Birklid*, 127 Wn.2d at 865.

directly from Mr. Goad's injury; the conduct they complain of for those claims is the same conduct at issue in their claims for the workplace injury. The Goads' emotional injuries are not of a different nature, did not arise at different times, and do not have different causal factors from the injury to Mr. Goad's hand. These claims therefore do not have an existence separate from the Industrial Insurance Act.[4] *See Birklid*, 127 Wn.2d 871-72. The superior court properly dismissed these claims.

Finally, we consider Springdale's claims for attorney fees. Contending this case was "frivolous from its inception," Springdale requests fees on appeal, and argues the trial court erred in denying its fees as part of the summary judgment orders. *See* RCW 4.84.185; RAP 18.9(a); CR 11.

An appeal is frivolous only "if no debatable issues are presented upon which reasonable minds might differ, and it is so devoid of merit that no reasonable possibility of reversal exists." *Chapman v. Perera*, 41 Wn. App. 444, 455–56, 704 P.2d 1224, *review denied*, 104 Wn.2d 1020 (1985). A party has a right to appeal, and an appeal is not frivolous simply because the party's arguments are rejected. *Streater v. White*, 26 Wn. App. 430, 435, 613 P.2d 187, *review denied*, 94 Wn.2d 1014 (1980). The entire record should be considered, and all doubts should be resolved in favor of the appellant. *Id.*

This case was not frivolous. As the Supreme Court demonstrated in *Birklid* (after the first summary judgment order in this case), prior case law interpreting RCW 51.24.020 has been unjustifiably restrictive. *Birklid*, 127 Wn.2d at 862-66. Although the *Birklid* decision articulated a standard that their evidence failed to satisfy, the Goads' claims were not so devoid of merit that there was no possibility

---

[4]In *Birklid*, the Supreme Court held that a plaintiff who establishes "deliberate intention" under RCW 51.24.020 also may recover for the tort of outrage, or intentional infliction of emotional distress. *Birklid*, 127 Wn.2d at 872-73. Because the Goads have not established "deliberate intention," it is not necessary to address this additional argument.

106

they would prevail. The Goads have made a "good faith argument for the extension, modification, or reversal of existing law," CR 11, and attorney fees are not appropriate on appeal or at the superior court level.

We affirm the summary judgment orders, and deny attorney fees.

SWEENEY, C.J., and KURTZ, J., concur.

Review denied at 132 Wn.2d 1010 (1997).