## Case No. 15,528b.

### UNITED STATES v. KIE.

[7 West Coast Rep. 15.]

District Court. D. Alaska. May Term. 1885.

TRIAL FOR HOMICIDE—PROPRIETY OF CHARGE.

[On a trial for homicide, defendant is entitled to the benefit of any reasonable doubt as to any of the elements constituting murder in the first or second degree or manslaughter.]

Indictment for murder. [A motion to discharge the prisoner, upon the ground that the court had no jurisdiction, was denied. Case No. 15,528a.]

McALLISTER, District Judge (charging jury). The prisoner at the bar. Charles Kie, was indicted by the grand jury of this district, and thereby charged with the crime of murder, by purposely and of deliberate and premeditated malice, killing one Nancy,

on the 1st day of September, 1884, by inflicting mortal wounds with a knife, in and upon the body of the deceased, of which wounds it is alleged she instantly died. To the indictment found by the grand jury, the prisoner has pleaded not guilty, and you are, under your oaths and the instructions of the court as to the law, called upon to decide, from the evidence, by your verdict, as to his guilt or innocence of the crime charged against him. The duty you are to perform is the most important and sacred of any that falls within the province of jurors, important not only to the prisoner but also to the protection, safety, and well-being of the people of this territory. In cases of the nature of the one now under consideration, jurors are by law made judges of all the facts given in evidence, as well as of the credibility of the witnesses who testify. On your deliberation you will be careful not to take into consideration any fact or circumstance you may have heard without the walls of this court room. Consider only the evidence adduced during the progress of this trial, that justice may be done to the people of this territory and to the prisoner.

Under the indictment, if, in your opinion, from the evidence you are justified in so doing, you can find the prisoner guilty either of murder in the first degree, murder in the second degree, or of manslaughter. Murder in the first degree, murder in the second degree, and manslaughter are by the laws of this territory defined as follows: "If any person shall purposely, and of deliberate and premeditated malice, kill another, such person shall be deemed guilty of murder in the first degree." "If any person shall purposely and maliciously, but without deliberation and premeditation, kill another, such person shall be deemed guilty of murder in the second degree." "If any person shall, without malice, express or implied, and without deliberation, upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible, voluntarily kill another, such person shall be deemed guilty of manslaughter."

In order to make the killing either murder or manslaughter, it is requisite that the party die within a day and a year after the stroke received or the cause of death administered. In order to make the killing murder in the first degree, it must have been done purposely, and of deliberate and premeditated malice. In order to make the killing murder in the second degree, it must have been done purposely and maliciously, but without deliberation and premeditation. In order to make the killing manslaughter, it must have been done without malice, express or implied, and without deliberation, upon a sudden heat of passion, caused by provocation apparently sufficient to make the passion irresistible. The statute also provides that there shall be some other evidence of malice than the mere proof of killing to

constitute murder in the first degree; and deliberation and premeditation, when necessary to constitute murder in the first degree, shall be evidenced by poisoning, lying in wait, or some other proof that the design was formed and matured in cool blood, and not hastily, upon the occasion. Deliberation is that act of the mind which examines and considers whether a contemplated act should or should not be done. Premeditation is when the intention to do an act has been formed before the attempt .to execute it.

Therefore, gentlemen, if you find that the prisoner committed this crime purposely, and of deliberate and premeditated malice, and that the malice is shown by other evidence than the mere proof of the killing, and that the deliberation and premeditation are shown by proof that the design was formed and matured in cool blood, and not hastily, upon the occasion; as if by poisoning or lying in wait, you will find the prisoner guilty of murder in the first degree. If you find that the prisoner committed this crime purposely and maliciously, but without deliberation and premeditation, you will find him guilty of murder in the second degree. If you find that the prisoner committed this crime without malice, express or implied, and without deliberation, but upon a sudden heat of passion, caused by provocation apparently sufficient to make the passion irresistible, you will find him guilty of manslaughter. If you find, gentlemen, that the deceased did not come to her death within the time above stated at the hands of the prisoner, you will find a verdict of not guilty. If you have any reasonable doubt as to the guilt of the prisoner, or to any of the elements that constitute murder in the first degree, you will find him.not guilty of murder in the first degree; and if you have any reasonable doubt as to any of the elements that constitute murder in the second degree, you will find him not guilty of murder in the second degree; and if you have any reasonable doubt as to any of the elements that constitute manslaughter, you will find him not guilty of manslaughter. In other words, gentlemen, the prisoner is entitled to the benefit of any reasonable doubt as to any of the elements that constitute any of the crimes above named.

In the event of your agreeing upon a conviction of the prisoner, you will state, in your verdict, if he is guilty of murder in the first degree, murder in the second degree, or guilty of manslaughter. If he be not guilty of any of the offenses mentioned, your verdict will be not guilty. In determining the credibility of witnesses, you can take into consideration their appearance and deportment when testifying, the probability of the truth of their statements, independently of or in connection with other evidence adduced, their friendly or hostile feelings toward the prisoner, to what extent they are contradicted, as well as their means of knowledge, and you can judge of and test their credibility according to your best knowledge of the laws governing human action. You will carefully consider all. the circumstances of the case as detailed in the evidence, and apply to them the principles of law I have given to you. Your deliberations should be calm and serious, and you should not be influenced by prejudice or passion. The .ase is submitted to your careful deliberation.

[NOTE. The jury returned a verdict that the prisoner was guilty of manslaughter, and he was accordingly sentenced by the court to 10 years' imprisonment and a fine of $100. The case was taken to the circuit court on a writ of error, and this court was directed to allow the plaintiff to move for a new trial, which motion must be granted if it should appear that Kie was not present at the trial, but otherwise to deny the motion, and give judgment against him. 27 Fed. 351.]