Argued January 31, affirmed March 7, 1916.

## JENKINS v. CARMAN MFG. CO.*

(155 Pac. 703.)

**Master and Servant—Injuries to Servant—Compensation Act—Acceptance of Benefits.**

1. Where a servant has taken advantage of the Workmen's Compensation Act (Laws 1913, p. 188), he cannot recover of his employer, unless he brings himself within one of the exceptions mentioned in the act.

**Master and Servant—Injuries to Servant—Acceptance of Benefits Under Compensation Act.**

2. Under Section 25, page 206, Laws of 1913, providing that if any workman shall sustain an injury which the Industrial Accident Com-

---

*On Workmen's Compensation Act generally, see comprehensive note in L. R. A. 1916A, 23.          REPORTER.

mission shall determine to have been caused by failure of his employer to maintain any safety appliance required by statute, the workman shall have the same rights against the employer as in case of an employer defaulting in payments due under the act, provided, in case the workman proceeds against the employer, he shall have no claim against the accident fund, where the workman has applied to the commission for compensation, he cannot bring an action under the Employers' Liability Act, unless he shows that the commission has determined that the injury was caused in whole or in part by failure to maintain the safety appliances required by the Employers' Act.

**Master and Servant—Injuries to Servant—Acceptance of Benefits Under Compensation Act—"Deliberate Intention."**

3.    Under Section 22, page 204, Laws of 1913, authorizing recovery by a workman of his employer in addition to any payment from the accident fund, if the injury results from deliberate intention of the employer to produce injury, "deliberate intention" implies that the employer must have determined to injure the employee, and mere carelessness or negligence, however gross, is not sufficient.

[As to acceptance of provisions of Workmen's Compensation Act, see note in Ann. Cas. 1915C, 308.]

From Multnomah: HENRY E. McGINN, Judge.

In Banc.    Statement by MR. JUSTICE McBRIDE.

This is an action by Manoah A. Jenkins against the Carman Manufacturing Company, a corporation, for personal injuries, which plaintiff claims to have sustained by reason of defective machinery or appliances in defendant's sawmill.    That portion of the complaint which declares the cause of plaintiff's injury is as follows:

"Among the machines, instrumentalities and devices used by said company is one certain machine known as a lumber roller or conveyor, which was used to convey slabs of lumber sawed from logs to the edger.    Such lumber conveyor or roller is composed of a series or system or number of rolls, the exact number being unknown to plaintiff, which are on a common level and located in a common box or place, such rolls being operated by steam power, and so adjusted that they are from 18 inches to 2 feet apart.    One of said rolls was at the time of the injury to plaintiff, hereafter alleged, broken and unfit for use, and had been broken and unfit

79 Or.—29

for use for a period of approximately one year prior to the injury to plaintiff; that of the broken condition of said roll the defendant well knew for approximately one year prior to the injuries to plaintiff. With such knowledge the defendant carelessly, recklessly and negligently failed and neglected to repair the said roller or to replace the same with another roll, and that such roller could have been repaired or replaced without interfering with the efficiency of the business of the defendant or with the labor of this plaintiff. Such roll in its broken and defective condition constituted and was a menace and danger to the laborers of this defendant, and more especially to this plaintiff, and that defendant, with knowledge of the condition of said roll, required its laborers and more especially this plaintiff to work in and about and with said machine with its defective and broken roll as above alleged, with the deliberate intent on the part of the defendant to subject its workmen, and more especially this plaintiff, to dangers of injury and to injury therefrom.''

The pleading then states that while plaintiff was at work in the regular discharge of his duties and was off-bearing lumber from the saw, by reason of the broken condition of said roller a piece of lumber caught therein and by other wheels was thrown against plaintiff with great force and violence, whereby he was injured, which injuries are fully specified, and that he still suffers therefrom. It further declares that the injuries to plaintiff were not caused through any fault or wrong of plaintiff, but were caused solely through the carelessness, recklessness and negligence of the defendant and by his deliberate intent to expose this plaintiff to injury; that plaintiff is damaged in the sum of $2,500; that heretofore and prior to the institution of this action, and after the injury of plaintiff, he submitted his claim to the Workmen's Industrial Insurance Commission of Oregon, which claim was allowed in the sum of $42 a month for two months, totaling $84; that the

allowance was made, as plaintiff is informed and believes, only for an alleged partial depreciation of plaintiff's earning capacity, and was not intended to involve, nor did it involve, any pain or suffering or loss of powers of locomotion and physical endurance; and that by the wrongs herein set forth plaintiff has been injured in excess of the sum allowed by the said Industrial Insurance Commission in the sum of $2,416. There was a general demurrer to the complaint, which was sustained, and plaintiff appeals.          Affirmed.

For appellant there was a brief over the name of *Messrs. Logan & Smith,* with an oral argument by *Mr. Isham N. Smith.*

For respondent there was a brief over the names of *Mr. Gus. C. Moser, Mr. Roy K. Terry* and *Mr. William A. Williams,* with an oral argument by *Mr. Moser.*

As *amici curiae* there were oral arguments by *Mr. George M. Brown,* Attorney General, and *Mr. J. O. Bailey,* Assistant Attorney General.

Mr. Justice McBride delivered the opinion of the court.

1, 2. Plaintiff, having chosen to take advantage of the Workmen's Compensation Act, cannot recover, unless he brings himself within one of the exceptions mentioned therein. The exceptions here to be noted are Sections 22 and 25 of the act, which constitute Chapter 112 of the Laws of 1913. They provide:

"Sec. 22. If injury or death results to a workman from the deliberate intention of the workman himself to produce such injury or death, neither the workman nor the widow, widower, child or dependent of the workman shall receive any payment whatsoever out of

the accident fund. If injury or death results to a workman from the deliberate intention of his employer to produce such injury or death, the workman, the widow, widower, child or dependent of the workman shall have the privilege to take under this act, and also have cause of action against the employer, as if this act had not been passed, for damages over the amount payable hereunder. * * "

"Sec. 25.   If any workman shall sustain an injury which the commission shall determine to have been caused in whole or in part by the failure of his employer to install or maintain any safety appliance, device or safeguard required by statute, such workman, or, if such injury result in death, then the husband, wife, child or dependent of such workman, shall have the same rights against such employer as in the case of an employer defaulting in payments due hereunder, and all of the provisions of the preceding section shall apply with respect to such claim: Provided, in case the workman or his beneficiary proceeds against the employer he shall have no claim against the accident fund."

Plaintiff having alleged that he has elected to apply to the Industrial Accident Commission for compensation cannot bring an action under the Employers' Act, unless he shows by his pleading and proof that the Industrial Accident Commission has determined that the injury was caused in whole or in part by the failure of the employer to install and maintain the safety appliances required by that act.

3. As to the right of recovery under the twenty-second section, the allegations are somewhat argumentative and inconsistent; but taken as a whole and fairly construed they amount to this: That defendant knew the roll was broken and a menace and danger to workmen, and knowing this fact carelessly, recklessly and negligently failed to repair it, and required its workmen to labor in its vicinity in its defective condi-

tion, deliberately intending to risk the danger of an injury.   The deliberate intent follows as a deduction from the allegation of knowledge of the danger and the carelessness, negligence, and recklessness of defendant in not obviating it.   In our opinion the allegation goes no further than to charge that defendant with full knowledge of the defect carelessly, negligently, and recklessly took the risk of its injuring the plaintiff.   If defendant deliberately intended to wound plaintiff or his fellow-workmen and intentionally used this broken roll as he would have used an ax or a club to produce the intended injury, it is liable; otherwise it is not.   A deliberate act is one the consequences of which are weighed in the mind beforehand.   It is prolonged premeditation, and the word when used in connection with an injury to another denotes design and malignity of heart.   It has been defined so many times that it is difficult to select any one definition which covers every phase in which the word is used, but some of the most apt are:

"The word 'deliberate' is derived from two Latin words, which mean, literally, 'concerning,' and 'to weigh.' * * As an adjective * * it means that the manner of the performance was determined upon after examination and reflection—that the consequences, chances and means weighed, carefully considered and estimated": *Craft* v. *State,* 3 Kan. 451.

"Deliberation is prolonged premeditation": *State* v. *Speyer,* 207 Mo. 540 (106 S. W. 505, 14 L. R. A. (N. S.) 836).

"Deliberation is that act of the mind which examines and considers whether a contemplated act should or should not be done": *United States* v. *Kie,* 26 Fed. Cas. 781.

We think by the words "deliberate intention to produce the injury" that the lawmakers meant to imply that the employer must have determined to injure an

employee and used some means appropriate to that end; that there must be a specific intent, and not merely carelessness or negligence, however gross.

The judgment is affirmed.    AFFIRMED.

Mr. Justice Eakin took no part in the consideration of this case.