DUK HWAN CHUNG, *Appellant,*
*v.*
FRED MEYER, INC., *Respondent.*
(Trial Court No. 410-582, Case No. 24443)

556 P2d 683

*Donald D. Nash,* Portland, argued the cause for appellant. With him on the brief were Nash & Margolin, Portland.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Denecke, Chief Justice, and Holman, Howell, Lent and Bohannon, Justices.

BOHANNON, J. (Pro Tempore).

**BOHANNON, J. (Pro Tempore).**

This is an action for damages for personal injuries brought by an employe against his employer on account of an accidental injury the employe sustained in the course and arising out of his employment. The defendant-employer, Fred Meyer, Inc., was a complying employer under the Workmen's Compensation Law, ORS 656.001 et seq, and was providing workmen's compensation coverage to its employes including plaintiff at the time of plaintiff's injury.

As provided by ORS 656.384 the Attorney General appeared on behalf of the defendant-employer and filed an answer invoking the defense that the plaintiff's injury was covered by the Workmen's Compensation Law, ORS 656.018, and that his sole remedy was under that Act.

The defense asserted by the Attorney General was submitted to the trial court as a segregated issue as required by ORS 656.384(2). The evidence produced at trial was in the form of pretrial depositions plus a stipulation that a certain switch hereafter referred to was a "safety switch." Defendant moved for summary judgment in its favor which was allowed and from the judgment entered in favor of the defendant the plaintiff appeals.

The plaintiff, Duk Hwan Chung, was employed by Fred Meyer, Inc., in its bakery department. As part of his duties he was required to clean a certain pie-cutting machine. As originally installed, the pie-cutting machine was equipped with a "deadman" switch which required the constant pressure of the operator's foot to activate and keep the machine in motion. Because of employe complaints about the "deadman" switch an employe of the defendant, Fred Meyer, Inc., caused the switch to be removed and replaced by an "off"-"on" switch which likewise was on the floor and controlled by the operator's foot but which did not require constant foot pressure to keep the pie-cutting machine in operation.

[ 811 ]

While engaged in cleaning the machine and after removing certain guards, the plaintiff started up the machine and while reaching into the machine he sustained an injury to his arm by reason of a descending blade that came down on his arm before he could shut the machine off with the foot switch.

There is absolutely no evidence in this case that the defendant, Fred Meyer, Inc., intended by replacing the "deadman" switch to injure the plaintiff or any one else. To the contrary it appears that the switch was replaced to accommodate employe complaints. In this state of the record, the plaintiff has no cause of action against his employer the defendant, Fred Meyer, Inc.

The Workmen's Compensation Law provides the sole and exclusive remedy for injuries sustained by a workman in the course and scope of his employment when the employer is subject to and fully complying with the provisions of the Act, unless the facts give rise to one of the exceptions specified in the Act. *Shoemaker v. Johnson,* 241 Or 511, 407 P2d 257 (1965); *Stout v. Derringer,* 216 Or 1, 337 P2d 357 (1959); *Bigby v. Pelican Bay Lbr. Co.,* 173 Or 682, 147 P2d 199 (1944); ORS 656.018.

In this case the plaintiff alleges in his complaint that:

> "* * * * *
>
> "On or about June 20, 1973, Fred Meyer, with the deliberate intention of producing an injury to Plaintiff, did commit an act of willful and unprovoked aggression upon the person of the Plaintiff, an employee of Fred Meyer, to wit: Removing a 'fail-safe' device from a pie-cutting machine that Plaintiff was required to work on.
>
> "* * * * *"

The exception apparently relied upon by plaintiff in this case is that found in ORS 656.156(2) which provides:

> "If injury or death results to a workman from the deliberate intention of his employer to produce such

[ 812 ]

injury or death, the workman, the widow, widower, child or dependent of the workman may take under ORS 656.001 to 656.794, and also have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes."

In construing an antecedent version of ORS 656.156(2) this court held in *Heikkila v. Ewen Transfer Co.,* 135 Or 631, 635, 297 P 373 (1931):

"* * * '[D]eliberate intention' implies that the employer must have determined to injure the employee. It is not sufficient to show that there was mere carelessness, recklessness, or negligence, however gross it may be * * *."

To the same effect, *see Caline v. Maede,* 239 Or 239, 396 P2d 694 (1964); *Jenkins v. Carman Mfg. Co.,* 79 Or 448, 453, 155 P 703 (1916).

In order to come within the exception of the last-quoted statute it is incumbent upon the injured workman to establish that his employer had a deliberate intention to injure him or someone else and that he was in fact injured as a result of that deliberate intention.

Such proof is totally lacking in this case.

Also since the plaintiff has alleged not only that the defendant removed the safety switch with the deliberate intention of producing an injury to plaintiff but also that such act was an act of "willful and unprovoked aggression" upon the person of plaintiff, we pause to say that in our view the mere removal of a safety switch as in this case is not an act of "willful and unprovoked aggression" within the contemplation of ORS 656.018(3)(a).

If the removal of a safety device from machinery by an employer who is complying with the Workmen's Compensation Law is to constitute an exception to the immunity from tort liability now conferred upon such employers, it is for the legislature and not the courts to so declare.

In view of our holding in this case we find it unnecessary to consider plaintiff's second assignment of error which raises the question of whether the replacement of the "deadman" switch with an "off"-"on" switch by one of defendant's employes is an act which could be imputed to the defendant.

The judgment in favor of the defendant is affirmed.