VIRGIL, *Appellant,*
*v.*
WALKER, *Respondent.*
(No. L-10,894, SC 25111)

572 P2d 314

Milo Pope, Milton-Freewater, argued the cause for appellant. With him on the briefs was Roy Kilpatrick, Mt. Vernon.

Denny Z. Zikes, Portland, argued the cause for respondent. With him on the brief were Donald G.

Morrison, Hermiston, and Frank V. Langfitt III, and Fellows, McCarthy, Zikes, Kayser & Langfitt, P.C., Portland.

Before Denecke, Chief Justice, and Holman, Howell, Bryson, and Lent, Justices.

HOLMAN, J.

**HOLMAN, J.**

This is an action for damages for an assault and battery brought by an employee against his employer. The employer filed an answer, claiming exemption from liability under ORS 656.018. The issue of the exemption was tried to the court and resulted in the defense being sustained. Plaintiff appeals.

Because of the judgment for defendant, the facts must be viewed by this court in the light most favorable to defendant and, if there is any substantial evidence to sustain the judgment, it must be affirmed. The issue, then, is whether there is sufficient evidence to sustain a defense under ORS 656.018 in the light of the facts most favorable to defendant. The statute, in relevant part, is as follows:

> "656.018 Effect of providing coverage; exclusive remedy. (1) Every employer who satisfies the duty required by subsection (1) of ORS 656.017 is relieved of all other liability for compensable injuries to his subject workmen, the workmen's beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.

> "(2) The rights given to a subject workman and his beneficiaries for compensable injuries under ORS 656.001 to 656.794 are in lieu of any remedies they might otherwise have for such injuries against the workman's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the workman is expressly given the right under ORS 656.001 to 656.794 to bring suit against his employer for an injury.

> "(3) *The exemption* from liability given an employer under this section is also extended to the employer's insurer, the board, and the employes, officers and directors of the employer, the employer's insurer and the board except that the exemption from liability *shall not apply:*

> "(a) *Where the injury is proximately caused by wilful*

*and unprovoked aggression* by the person otherwise exempt under this subsection;

"\* \* \* \* \*." (Emphasis supplied.)[1]

There is evidence from which the trial court could have found that plaintiff had previously operated a repair shop specializing in the installation of automobile glass and that it was at that time that the parties had become acquainted at the Eagles Lodge. As the result of this acquaintanceship, plaintiff borrowed from defendant $745 with which to purchase glass for his business. Thereafter, plaintiff terminated that business and went to work operating a service station for defendant, which work resulted from plaintiff's request for an opportunity to work out his debt to defendant. However, plaintiff needed his wages to live on and none was ever applied on the debt. The parties agreed that plaintiff might conduct his automobile glass business in conjunction with the operation of the service station, and that defendant would put up money for the purchase of windshields and would share in the profits. Thereupon, plaintiff purchased for defendant an unspecified quantity of glass for which defendant received no repayment or profit. Adjacent the service station was a grocery store operated by defendant where credit had been extended to plaintiff in the amount of $187 as of the time of the assault and battery.

On the day of the occurrence, plaintiff appeared for work at the service station about 7 a.m. Up to this time there had been no difficulty between the parties.

---

[1] A literal reading of the statute might lead one to believe that paragraph (a) of subsection (3) of the statute has application only to the employer's insurer, the board, and the employes, officers, and directors of the employer, but not to the employer who would be entirely exempt from an action by an employe under subsections (1) and (2). However, no one has made such a contention and the case has been tried, argued, and briefed on the assumption that paragraph (a) of subsection (3) is applicable to an employer; and we will assume, for the purposes of this case, that it is so applicable.

The defendant employer did not plead lack of deliberate intent to produce injury under ORS 656.156(2).

[ 610 ]

During the morning, without his telling defendant, plaintiff loaded the automobile windshields, together with his tools, in his pickup and took them to his home. In order to do this, he left the station unattended, which resulted in a customer honking his horn when he drove up for gas service. The woman who worked at the grocery store noticed the honking and left the store to wait on the gas customer. As she was pumping gas, defendant arrived and asked her why she was attending the service station rather than taking care of the customers who were waiting at the store. She told him that plaintiff had left and that there was no one to take care of the station. Defendant left the station, after first observing that the windshields and tools were missing, talked to his lawyer, and called a deputy sheriff to come to the station.

After defendant left the station, plaintiff returned and commenced packing certain miscellaneous items in boxes. As he was doing so, defendant returned and observed him taping up a box which contained, among other things, some rolls of masking tape belonging to defendant. He cursed plaintiff and told him not to take anything more out of the service station until the deputy sheriff arrived. Plaintiff responded that the things in the box were his, and he continued taping the box. Defendant approached plaintiff and simultaneously hit him and grabbed the box. This is the only blow that was struck. Plaintiff then left. He subsequently claimed injuries and received workmen's compensation benefits, including a small settlement for a permanent disability.

■ The statute provides that the exemption from liability shall not apply where the injury is caused by aggression which is both willful *and* unprovoked. Therefore, we must sustain defendant's defense if there is evidence from which the trier of the facts could find that the assault either was not willful *or* was provoked. We believe that, in this context, "willfully" means deliberately and intentionally, and that

the evidence requires a finding that defendant struck plaintiff willfully.

■■ We believe there was sufficient evidence, however, from which the trier of the facts could find that defendant was provoked. We also believe that "provocation," as used in the statute, means to incite to action. The trier of the facts could have found that it was probable that plaintiff was quitting his job without paying or arranging to pay his bills to defendant and was taking glass which defendant had helped to purchase, as well as taking property which belonged to defendant—all after defendant had befriended plaintiff. Plaintiff testified that he was not quitting his job, that the glass was not that which had been purchased with defendant's money, that the masking tape belonged to him, and that he was only taking the glass home for storage because the service station was too crowded. However, the trial judge could have believed from appearances, as defendant apparently did, that it was probable plaintiff was quitting and taking property not belonging to him. He could have believed defendant when defendant said the tape was his and not plaintiff's. He could have disbelieved plaintiff about the glass because plaintiff was shown to have previously testified upon deposition that some of the glass was purchased with defendant's money.

Plaintiff keeps contending that the assault is unjustified, and this is true because violence is justified in very few instances and this is not one of them. However, its being unjustified does not keep it from being found, under the circumstances here, to have been provoked by plaintiff in his failing to inform defendant of his anticipated action in removing the materials and in his attempting to remove defendant's property while contending it was his own.

The judgment of the trial court is affirmed.