Argued and submitted November 2, 1987, reversed and remanded August 10, 1988

## PALMER,
### *Appellant,*

*v.*

## BI-MART COMPANY, INC., et al,
### *Respondents.*

### (86-1166-J-1; CA A42770)

758 P2d 888

Claudette L. Yost, Medford, argued the cause and filed the briefs for appellant.

Donald E. Johnson, Eugene, argued the cause for respondents. With him on the brief were Ralph F. Cobb and Luvaas, Richards and Fraser, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff brought this action for employment discrimination, ORS 659.030, and for intentional infliction of emotional distress. The trial court granted summary judgment to defendants on both claims.[1] We reverse and remand.

Defendants have the burden of showing that there are no issues of material fact and that they are entitled to judgment as a matter of law. We take the facts in the light most favorable to plaintiff. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). Plaintiff was a pharmacy clerk employed by defendant Bi-Mart. Defendant Millan was plaintiff's supervisor. Beginning in November, 1985, the supervisor engaged in a course of harassment of plaintiff verbally and through notes, including notes with abusive and sexually explicit wording.[2] Plaintiff complained to Bi-Mart's management, but it did not remedy the situation. In April, 1986, plaintiff took sick leave and vacation time; on April 14, she filed a worker's compensation claim for "stress syndrome—due to pressure and harassment on the job" caused by the supervisor's conduct. On April 15, 1986, she filed this action in circuit court. Bi-Mart's insurer accepted the worker's compensation claim, and plaintiff received time loss and medical benefits.

On her discrimination claim, plaintiff sought recovery under ORS 659.121 for lost past and future wages, fringe benefits, medical expenses and attorney's fees.[3] On her outrageous conduct claim, she sought $150,000 for emotional distress, $75,000 in punitive damages, and attorney's fees.

Defendants contend that both of plaintiff's claims

---

[1] Plaintiff also assigns as error the trial court's decision to bar plaintiff from personally recording the oral argument on defendant's motion for summary judgment and plaintiff's motion to set aside summary judgment. Because we are reversing the judgment on other grounds, we do not address that assignment of error.

[2] Plaintiff alleged that as part of the harassment, her supervisor passed her messages, typed on prescription labels, which included street slang for copulation and for male and female genitalia.

[3] At oral argument, plaintiff conceded that, under ORS 659.121(1), she is not entitled to compensation for her medical expenses other than what she received as workers' compensation benefits. General damages are not available in an action under that section. *Holien v. Sears, Roebuck and Co.,* 298 Or 76, 95, 689 P2d 1292 (1984).

are barred because, under ORS 656.018, worker's compensation provides plaintiff's exclusive remedy. ORS 656.018 provides:

"(1)(a) The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.

"* * * * *

"(3)   The exemption from liability given an employer under this section is also extended to the employer's insurer, the department, and the employes, officers and directors of the employer, the employer's insurer and the department except that the exemption from liability shall not apply:

"(a)   Where the injury is proximately caused by wilful and unprovoked aggression by the person otherwise exempt under this subsection[.]"

ORS 656.156(2) provides:

"If injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death, the worker, the widow, widower, child or dependent of the worker may take under ORS 656.001 to 656.794, and also have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes."

■    We address the discrimination claim first. ORS 659.121 provides:

"Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 659.030 * * * may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employes with or without back pay."

Defendants contend that, because plaintiff has sustained one

injury for which she has been compensated[4] under the worker's compensation law, she has a "compensable injury" under ORS 656.005(7)(a), and therefore, under ORS 656.018, the employer is exempt from all liability flowing from that injury.

Plaintiff has suffered two distinct injuries. The first is to her right to a workplace free from sexual harassment, for which she has a remedy under the discrimination statute. *Holien v. Sears, Roebuck and Co., supra* n 3, 298 Or at 90. The second is a personal injury suffered in the workplace and compensable under the worker's compensation law. The legislature has created two separate statutory schemes to protect employes from those separate injuries.

The stated objectives of the two statutes preclude defendants' interpretation of the exclusivity provision. The first stated purpose of the worker's compensation law is

"[t]o provide, regardless of fault, sure, prompt and complete medical treatment for injured workers and fair, adequate and reasonable income benefits to injured workers and their dependents[.]" ORS 656.012(2)(b).

The statute also states that it is intended to create a fair system of delivery of benefits to workers, to restore workers to self-sufficiency as soon as possible and to encourage employer safety measures. The legislature explicitly sought to correct the problem that the common law remedies for injuries on the job were inadequate. ORS 656.012(1).

In contrast, the purpose of the discrimination statute is

"to encourage the fullest utilization of available manpower by removing arbitrary standards of race, religion, color, sex, marital status national origin or age as a barrier to employment of the inhabitants of this state; * * * To accomplish this purpose the Legislative Assembly intends * * * to provide:

---

[4] Defendants insist that plaintiff did not dispute that, as a matter of fact, she has been "fully compensated." That is incorrect. Her deposition testimony was that she had received worker's compensation benefits, apparently for medical expenses and time loss, and not full compensation for back wages. Time loss benefits are calculated on the basis of a formula, and may not equal actual wages lost. *See* ORS 656.210. On the other hand, relief available under ORS 659.121(1) includes injunctive relief and "such other equitable relief as may be appropriate," including back pay and reinstatement.

"* * * * *

"An adequate remedy for persons aggrieved by certain acts of discrimination because of race, religion, color, sex, marital status or national origin or unreasonable acts of discrimination in employment based on age." ORS 659.022.

The policy of that statute is of fundamental importance. ORS 659.020(1) states:

"It is declared to be the public policy of Oregon that practices of discrimination against any of its inhabitants because of race, religion, color, sex, national origin, age or handicap are a matter of state concern and that such discrimination threatens not only the rights and privileges of its inhabitants but menaces the institutions and foundation of a free democratic state."

Given the stated policies and purposes of the two statutes, it is evident that the legislature did not intend that the objectives of the discrimination statute would be defeated by the exclusive remedy provision of the worker's compensation law. Accordingly, plaintiff is not barred from recovery for her discrimination injury by the worker's compensation law.[5] However, that recovery must be within the limits of ORS 659.121(1).

■ Defendants contend that plaintiff's tort claim for intentional infliction of emotional distress is also barred by the exclusivity provision, arguing that her injuries were neither caused by the "deliberate intention of the employer * * * to produce such injury" nor by the "wilful and unprovoked aggression" of an employe.

ORS 656.156(2) provides that, if a worker is injured because of "the deliberate intention of the employer of the worker to produce such injury," the worker may bring a separate action for the injury. Defendants argue that the facts alleged by plaintiff do not show a deliberate intention by Bi-Mart to cause harm to plaintiff. The facts are sufficient to support an inference that her supervisor had a specific intent to harm her. *See Bakker v. Baza'r, Inc.,* 275 Or 245, 253-4, 551

---

[5] All three courts which have addressed this question have reached similar conclusions. *Jones v. Los Angeles Com. College Dist.,* 198 Cal App 3d 794, 244 Cal Rptr 37 (1988); *Reese v. Sears, Roebuck and Co.,* 107 Wash 2d 563, 731 P2d 497 (1987); *Boscaglia v. Michigan Bell Tel. Co.,* 420 Mich 308, 362 NW2d 642 (1984).

P2d 1269 (1976). The question is whether the conduct of that supervisor can be ascribed to Bi-Mart. Defendants contend that, even if Bi-Mart's failure to act on plaintiff's complaint constituted a ratification of the supervisor's conduct, mere ratification of the wrongful acts of an employee is not sufficient to make an employer liable. Defendants rely on *Bakker v. Baza'r, Inc., supra,* 275 Or at 253-4, and *Caline v. Maede,* 239 Or 239, 396 P2d 694 (1964).

In *Bakker,* the plaintiff alleged that a security guard employed by the employer had committed a battery. The court held that the employer's subsequent ratification of that act did not convert it into an intentional act of the employer. 275 Or at 254. In *Caline,* the court held that an employer's failure to correct conditions which had injured the worker twice before did not constitute a deliberate intention to harm the worker. 239 Or at 240. The situation in this case is quite different. Here, plaintiff alleges that Bi-Mart failed to stop a continuing course of intentional conduct aimed specifically at plaintiff after being informed of it. If proven, that is sufficient to permit a jury to find that the supervisor's actions reflect the deliberate intent of the employer. Therefore, plaintiff's action against Bi-Mart is not barred.

■　　We turn to plaintiff's action against her supervisor. ORS 656.018(3)(a) provides that the exemption from liability granted to employes under ORS 656.018(3) does not apply when "the injury is proximately caused by wilful and unprovoked aggression by the person otherwise exempt under this subsection."[6] Defendants contend that the supervisor's conduct was not wilful and unprovoked aggression. They rely on *Virgil v. Walker,* 280 Or 607, 572 P2d 314 (1977), and *Duk Hwan Chung v. Fred Meyer, Inc.,* 276 Or 809, 556 P2d 683 (1976). In *Virgil,* the Supreme Court held that the term "wilful" in that statute means "deliberately ⸱and intentionally." 280 Or at 611. In *Chung,* the Supreme Court held that the "mere removal of a safety switch" is not an act of wilful and unprovoked aggression. 276 Or at 813.

It is clear that plaintiff has alleged the requisite

---

[6] Defendants contend that plaintiff did not raise the issue of the applicability of ORS 656.018(3)(a) below. However, defendants raised ORS 656.018(3) as a defense in their reply to plaintiff's response to defendants' motion for summary judgment. Accordingly, the question is properly before us.

intent of the supervisor's conduct under *Virgil* and that his conduct was the direct cause of her harm. The question is whether the supervisor's acts constitute "aggression" within the meaning of the statute. Plaintiff stated that the supervisor engaged in a "wilful and wanton" course of conduct of sexual harassment "in the form of verbal and written sexual comments and innuendos designed to annoy, harass, intimidate and demean Plaintiff, such as explicit sexual and abusive language." "Aggression" is not defined in the statute; it has been defined as "an offensive action or procedure; esp[ecially]: a culpable unprovoked overt hostile attack." *Webster's Third New International Dictionary* 41 (1976). We doubt that the legislature intended to immunize conduct such as that alleged here, and we conclude that the facts are pleaded sufficient to constitute aggression within the meaning of the statute.

■      Defendants' remaining contention is that the discrimination statute preempts the tort of intentional infliction of emotional distress. It does not. The common law tort claim is not precluded simply because defendant's conduct might also have violated a statute designed to protect against employment discrimination. *Kofoid v. Woodard Hotels, Inc.,* 78 Or App 283, 288, 716 P2d 771 (1986); *Carsner v. Freightliner Corp.,* 69 Or App 666, 674, 688 P2d 398, *rev den* 298 Or 334 (1984).

Reversed and remanded.