**Emily SNEAD, Plaintiff,**

v.

**METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a Rhode Island corporation, Defendant.**

**Civ.No. 95–1576–FR.**

United States District Court, D. Oregon.

Jan. 4, 1996.

Richard C. Busse, Scott N. Hunt, Portland, Oregon, for Plaintiff.

Eileen Drake, Tracy J. White, Stoel Rives, Portland, Oregon, for Defendant.

## OPINION

FRYE, District Judge:

The matter before the court is the motion of the defendant, Metropolitan Property and Casualty Insurance Company (Metropolitan), to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (# 5). The plaintiff, Emily Snead, alleges claims for the intentional infliction of severe emotional distress and, in the alternative, for the reckless infliction of severe emotional distress.

## ALLEGATIONS OF THE COMPLAINT

In October of 1993, Emily Snead terminated the employment of a male employee because he had threatened another employee with a handgun. In the spring of 1994, the employee who had been terminated began to stalk Snead, and Snead received "hang-up" telephone calls at work and also unsolicited mail and merchandise at home.

In May of 1994, Snead was warned by a disability representative of another company that he was concerned for Snead's personal safety because of statements made to him by another employee of Metropolitan. Snead called the home office of Metropolitan in Warwick, Rhode Island to report to its human resources staff what the disability representative of another company had told her. She was advised that she was in no danger.

The telephone calls and the unsolicited mail and merchandise continued on almost a daily basis through the summer of 1994. Then Snead received a death threat. She called the vice president of human resources of Metropolitan to report the death threat and to ask for help. He told her that he did not know what to do, but that she should call the police. She reiterated that she needed help. He repeated that he did not know what to do, but that she should call the police.

On August 23, 1994, Snead spoke with the human resources staff of Metropolitan again to ask for assistance. She was told that the company could not be of assistance because it had no security department.

The stalking and harassment continued. On October 13, 1994, she received a third death threat. She called the human resources department, this time to report that she suspected a former employee whom she had terminated of making the threats. She was told by a representative of the legal department of Metropolitan that her suspicions were doubtful. The only advice that Snead received from the home office of Metropolitan was to call the police and not to stand in front of a window.

While she was attending a meeting at the home office of Metropolitan in Rhode Island, a representative of Metropolitan's legal department said "Bang! Bang!" to Snead as she entered the room.

In December of 1994, the former employee whom Snead had suspected of stalking her was arrested and booked for the crimes of stalking and criminal harassment.

Snead alleges that Metropolitan knew that this conduct was occurring, but did not take immediate and appropriate action in response to this conduct so as to maintain a safe work environment for Snead, and thereby ratified the conduct of the former employee.

## CONTENTIONS OF THE PARTIES

Metropolitan moves to dismiss the action on the following grounds: (1) the claim of Snead for the reckless infliction of severe emotional distress fails to state a cognizable claim under the laws of the State of Oregon; (2) the claim of Snead for the intentional infliction of severe emotional distress fails to contain facts sufficient to state a claim; and (3) both claims of Snead are barred by the exclusivity provision of the workers' compensation laws of the State of Oregon.

Snead contends that the motion to dismiss is without merit.

## STANDARD OF REVIEW

■ A motion to dismiss under Rule 12(b)(6) will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986),

*cert. denied,* 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *Cassettari v. Nevada County, Cal.,* 824 F.2d 735, 737 (9th Cir.1987).

## ANALYSIS AND RULING

1. *The Reckless Infliction of Severe Emotional Distress*

■ A claim for the intentional infliction of severe emotional distress under the laws of the State of Oregon must contain the following elements: "(1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *Sheets v. Knight,* 308 Or. 220, 236, 779 P.2d 1000 (1989). In order to satisfy the element of intent, a plaintiff must allege that the defendant acted with the purpose of inflicting severe emotional or mental distress on the plaintiff. *See McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841 (1995).

In *McGanty,* the Oregon Supreme Court stated that a misreading of precedent had led to a line of cases which sanctioned a reduced level of intent if a "special relationship" existed between the plaintiff and the defendant. *See, e.g., Brewer v. Erwin,* 287 Or. 435, 600 P.2d 398 (1979); *Hall v. May Dep't Stores,* 292 Or. 131, 637 P.2d 126 (1981) (plaintiff need not prove a wrongful purpose to satisfy the tort's element of intent if the plaintiff shows instead a breach of some obligation created by the relationship between the plaintiff and the defendant).

The misreading of precedent acknowledged by the Oregon Supreme Court began with that court's decision in *Brewer v. Erwin,* in which the Court stated that:

> [the tort's] essence is that the infliction of actual mental suffering on the plaintiff is the deliberate purpose of defendant's conduct, although that conduct may of course have an ulterior objective.... Such a purpose is itself wrongful in the absence of

some privilege or justification.... When the wrongful purpose is lacking, ·on the other hand, the tortious element can be found in the breach of some obligation, statutory or otherwise, that attaches to defendant's relationship toward plaintiff, as in *Rockhill v. Pollard,* [259 Or. 54, 485 P.2d 28 (1971)], and as has long been imposed on innkeepers, public carriers, and the like. This court has not had occasion to consider whether in the absence of such a relationship a recovery for solely emotional distress can be based on a defendant's conduct, not otherwise tortious, that a jury may find to be beyond the limits of social toleration, though the conduct is not deliberately aimed at causing such distress but only *reckless of the predictable effect.*

287 Or. at 457–58, 600 P.2d 398 (footnote omitted) (emphasis added).

The Oregon Court of Appeals read this language from *Brewer* to mean that "the court effectively added a *purpose* requirement to the intent element of the tort, except when a 'special relationship' existed between the parties." *McGanty,* 321 Or. at 547, 901 P.2d 841 (emphasis in original). In *Bodewig v. K–Mart, Inc.,* 54 Or.App. 480, 635 P.2d 657 (1981), the court read *Brewer* as opening the door to the creation of the tort of the reckless infliction of severe emotional distress where there existed a "special relationship," such as an employer-employee relationship. In *Bodewig,* the court held that an employer-employee relationship qualified as a "special relationship," and therefore K–Mart could be held liable for the infliction of severe emotional distress even though it had not purposefully acted to do so.

The Oregon Supreme Court in *McGanty* overturned *Brewer,* explaining that the "special relationship" discussion applied only to the *conduct* element of the tort, not to the intent element. *McGanty,* 321 Or. at 547, 901 P.2d 841. The court determined that the holdings in cases such as *Brewer* and *Bodewig* were based upon a misreading of precedent.

■ Upon reexamination of the common law rule concerning the intent required to

establish the tort of the intentional infliction of emotional distress, the *McGanty* court ruled that the element of intent is satisfied where the actor desires to bring about the consequences of the act or where the actor knows that the consequences are certain or substantially certain to result from his act. *Id.* at 550, 901 P.2d 841. Accordingly, there is no cognizable claim for the reckless infliction of emotional distress under the laws of the State of Oregon.

### 2. The Intentional Infliction of Severe Emotional Distress

■ The tort of the intentional infliction of severe emotional distress requires that (1) the defendant intended to inflict severe emotional distress on the plaintiff; (2) the defendant's acts were the cause of the plaintiff's severe emotional distress; and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

Snead has not alleged facts sufficient to support a claim for the intentional infliction of emotional distress.

### 3. Exclusivity Provision of Workers' Compensation Statutes

O.R.S. 656.018(1)(a) provides:

The liability of every employer who satisfies the duty required by ORS 656.017(1) [to maintain workers' compensation insurance or qualify as a self-insured employer] is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment. . . .

■ An exception to O.R.S. 656.018(1)(a) arises when the injury is the result of the "deliberate intention of the employer of the worker to produce such injury." O.R.S. 656.156(2). Thus, unless the worker's injury is caused by the "deliberate intention" of the employer, an injured worker's remedies are limited to those provided for in the workers' compensation statutes.

In her complaint, Snead alleges that she suffered severe emotional distress as a result of the failure of her employer, Metropolitan, to act upon her requests for assistance at work. The claims alleged arose out of and occurred in the course of Snead's employment with Metropolitan.

■ The Oregon Supreme Court in *Bakker v. Baza'r, Inc.,* 275 Or. 245, 551 P.2d 1269 (1976), ruled that in order to allow a remedy outside of the workers' compensation statutes: " 'the employer must have determined to injure an employee and used some means appropriate to that end; . . . there must be a specific intent, and not merely carelessness or negligence, however gross.' " *Id.* at 253, 551 P.2d 1269 (quoting *Jenkins v. Carman Mfg. Co.,* 79 Or. 448, 453–54, 155 P. 703 (1916)). In other words, the employer "has had an opportunity to weigh the consequences and to make a conscious choice among possible courses of action, and also that the employer specifically intend 'to produce * * * injury' " . . . . *Lusk v. Monaco Motor Homes, Inc.,* 97 Or.App. 182, 188, 775 P.2d 891 (1989).

Snead has not alleged facts sufficient to support a claim that Metropolitan deliberately intended to inflict emotional distress upon her. Her claims are barred by O.R.S. 656.018(1)(a).

### CONCLUSION

The motion of Metropolitan to dismiss (# 5) is granted. The court will allow twenty days from the date of this opinion for Snead to replead her claims.