Argued and submitted September 18, 2000, affirmed June 27, 2001

Craig R. HANSON,
*Appellant,*

*v.*

VERSARAIL SYSTEMS, INC.,
an Oregon corporation,
fka Halvorsen Industries, Inc.,
dba Baerts Metal Products,
*Respondent,*

*and*

Seth A. McNAIR,
*Defendant.*

9810-07146; CA A107956

28 P3d 626

Gerald C. Doblie argued the cause for appellant. With him on the brief was Doblie & Associates.

Alan Gladstone argued the cause for respondent. With him on the brief were Paul R. Xochihua and Abbott, Davis, Rothwell, Mullin & Earle, P.C.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

Plaintiff brought this tort action to recover from his supervisor and his employer for injuries he sustained when his supervisor hit him. Plaintiff's employer moved for summary judgment, arguing that the exclusive remedy provisions of the workers' compensation laws barred plaintiff's tort claims against it. The trial court agreed. Plaintiff appeals, and we affirm.

Because this case comes to us on summary judgment, we recite the facts in the light most favorable to plaintiff, the nonmoving party. Plaintiff works as a painter for defendant Versarail Systems, Inc. (VSI). While at work, plaintiff was involved in a heated argument with his supervisor, defendant McNair. During their argument, McNair struck plaintiff on the side of the head.[1] Plaintiff reported the incident to the appropriate VSI officials. A few days later, plaintiff, McNair, a VSI superintendent, and another senior VSI official met to discuss the incident and an appropriate course of action. Although the employee handbook provided for the immediate termination of any employee involved in a fight, VSI declined to take any action against either plaintiff or McNair.

After receiving workers' compensation benefits for his injuries, plaintiff brought an action against McNair and VSI, alleging that McNair was directly liable for assault and battery and that VSI was vicariously liable for McNair's conduct. VSI moved for summary judgment, arguing that the exclusive remedy provisions of the workers' compensation laws barred plaintiff's tort claims against it. VSI acknowledged that ORS 656.156(2) authorizes a worker to bring a tort claim against his or her employer for injuries that the employer deliberately intended. It argued, however, that the requirement that the employer deliberately intend the injury prevented plaintiff from relying on the doctrine of *respondeat superior* to bring an action against it under that subsection. Plaintiff responded that nothing in the workers' compensation laws precluded him from relying on that doctrine. As the

---

[1] Plaintiff suffered an inner ear concussion as a result of the blow and, as treatment for his injuries, underwent several surgeries.

parties framed the issue before the trial court, the only question was whether plaintiff could rely on the doctrine of *respondeat superior* to come within the deliberate injury exception.[2] The trial court agreed with VSI, granted its summary judgment motion, and entered judgment in its favor. *See* ORCP 67 B.

On appeal, plaintiff argues that his claims against VSI come within the terms of ORS 656.156(2). That statute provides:

> "If injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death, the worker * * * may take under this chapter, and also have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes."

Plaintiff advances two arguments on appeal why he may pursue a tort claim against VSI under that exception. He argues primarily, as he did below, that nothing in the workers' compensation laws precludes him from relying on the common-law doctrine of *respondeat superior*. Alternatively, plaintiff appears to argue that his supervisor is his "employer" for the purposes of ORS 656.156(2). We address plaintiff's *respondeat superior* argument first.

Workers who are injured in the course and scope of employment are entitled to receive certain benefits from their employers, and, with some notable exceptions, those benefits are exclusive of all other remedies that would otherwise be available to the worker. ORS 656.018; *see also Nicholson v. Blachly*, 305 Or 578, 581, 753 P2d 955 (1988). The workers' compensation scheme involves a *quid pro quo*, in which the employer gives up the right to defend against certain actions involving workplace injuries, while receiving

---

[2] Not only were the parties' written submissions limited to the application of *respondeat superior* in this context, but their oral arguments were too. VSI's counsel began his oral argument before the trial court by explaining, "The sole issue in this case is whether plaintiff's vicarious liability claim against his former employer, defendant [VSI], is barred by the exclusive remedy provision of the workers' comp law." Plaintiff did not argue in response that there was some basis other than vicarious liability for bringing a claim against VSI. Rather, plaintiff explained why, in his view, he could rely on the doctrine of *respondeat superior* to bring a tort claim against his employer.

the benefit of a limit on potential damages. Conversely, the employee is compensated for injuries regardless of whether the employer would be liable in tort, while giving up the right to pursue other statutory or common-law remedies. *See Shoemaker v. Johnson*, 241 Or 511, 518-19, 407 P2d 257 (1965) (discussing "the present-day needs of society [to] provid[e] a means whereby an employee was guaranteed a monetary recovery" but spared certain costs and risks associated with litigation). *But see Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001) (recognizing constitutionally mandated exceptions to that statutory principle).

█    The exceptions to the exclusive remedy rule include the one at issue here—the deliberate and intentional injury exception found in ORS 656.156(2). Similarly, ORS 656.018(3)(a) allows separate actions by an injured worker against fellow employees, contracted agents, officers, and directors of the employer "[w]here the injury * * * is proximately caused by willful and unprovoked aggression." Taken together, these statutes allow an injured worker to bring a separate action against the employer where the employer has intentionally injured the worker and against certain individual tortfeasors in comparable circumstances.[3] The primary reason for exempting these types of injuries is that they do not fit within the *quid pro quo* rationale described above. An employee does not expect to be intentionally injured as part of the employment contract, and an employer should not expect to be shielded from liability for such conduct. Put differently, the statute provides relief from the exclusive remedy rule where the employer should be held fully responsible for its misconduct. *See Jenkins v. Carman Mfg. Co.*, 79 Or 448, 453, 155 P 703 (1916) (stating that statute's use of "deliberate" intent denotes "design and malignity of heart").

█    With that backdrop, we turn to the question whether ORS 656.156(2) permits the use of *respondeat superior* to

---

[3] Because this appeal involves only plaintiff's action against VSI, our opinion is limited to ORS 656.156(2). The "willful and unprovoked aggression" exception in 656.018(3)(a) applies only to a "person otherwise exempt *under this subsection*" (emphasis added). Because "this subsection" refers to subsection (3), the "willful and unprovoked aggression" exception in ORS 656.018(3)(a) does not apply to VSI, which is exempt from liability under subsections (1) and (2) of ORS 656.018.

attribute a coworker's acts to the employer. As with any other case involving statutory construction, we seek to ascertain the legislature's intent by first examining the statute's text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). By its terms, the statute creates an exception to the general exclusive remedy rule by allowing a separate action when the employer intended to injure the worker. Textually, the exception applies when the employer, not an employee, has acted deliberately and intentionally.

In reviewing the text and context of a statute, we also look to the cases that have interpreted it. *See Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995). The exception in ORS 656.156(2) was part of the original workers' compensation laws passed in 1913, *see Kilminster v. Day Management Corp.*, 323 Or 618, 630, 919 P2d 474 (1996), and the court has consistently construed the exception narrowly, *Bakker v. Baza'r, Inc.*, 275 Or 245, 253, 551 P2d 1269 (1976); *see also Jenkins*, 79 Or at 453-54; *Lusk v. Monaco Motor Homes, Inc.*, 97 Or App 182, 186-89, 775 P2d 891 (1989). In *Bakker*, the plaintiff brought an action against her employer based on a fellow employee's alleged battery, arguing that the claim fell within the intentional injury exception in ORS 656.156(2). The plaintiff alleged that the employee was acting within the course and scope of his employment and that the employer had "ratified" the conduct. The court concluded that:

"It should be apparent from the facts of this case that plaintiff's injury did not result from the 'deliberate intention' of her employer as the term has been interpreted by this court. In this case there is no evidence that the defendant employer ever intended to injure anyone. Moreover, unless the injury 'results' from the employer's conduct, the injured employee's cause of action does not fall within the statutory exception set forth in ORS 656.156(2). It is difficult to see how any injury could be said to result from a subsequent ratification of the tortious conduct which produced it. Similarly, a subsequent ratification of the tortious conduct cannot evidence a 'deliberate intention * * * *to produce* such injury,' since, necessarily, the ratification occurs after the injury has been sustained. Thus, we conclude that

plaintiff has not brought herself within the statutory exception set forth in ORS 656.156(2)."

*Id.* at 254 (emphasis in original). The court then quoted a well-known treatise on workers' compensation:

> " 'Unless the employer has commanded or expressly authorized the assault, it cannot be said to be intentional from his standpoint any more than from the standpoint of any third person. Realistically, it to him is just one more industrial mishap in the factory, of the sort that he has a right to consider exclusively covered by the compensation system.' "

*Id.* at 254 n 7 (quoting Arthur Larson, 2A *The Law of Workmen's Compensation Law* § 68.21 (1976)).

The court's analysis in *Bakker* forecloses plaintiff's argument that the doctrine of *respondeat superior* applies under ORS 656.156(2).[4] Nonetheless, plaintiff argues that, in opinions after *Bakker*, the Supreme Court and this court have indicated an increased willingness to apply a *respondeat superior* analysis to this exception. For example, in *Kilminster*, a deceased worker's personal representatives brought a wrongful death action against the decedent's employer based on injuries sustained while falling from a radio tower. 323 Or at 621. In their complaint, the representatives alleged that the decedent's employer, a corporation, acted intentionally in causing the injuries. *Id.* at 632. The court held that this allegation was sufficient to defeat a motion to dismiss.

> "In this case, plaintiff has alleged facts sufficient to meet the foregoing standard for deliberate intent to injure or kill. Plaintiff alleges that DMC [the corporate employer] *knew* that decedent or someone who did the same work as decedent *would* be injured from a fall from the tower; that DMC decided to forego taking safety procedures, *knowing* that, by so doing, serious injury or death *would* result; and that DMC told decedent to climb the tower or lose his job.

---

[4] If vicarious liability were sufficient to bring a claim within the exception in ORS 656.156(2), then the *Bakker* court would not have said that it was "apparent from the facts of th[e] case that plaintiff's injury did not result from the 'deliberate intention' of her employer as that term has been interpreted by this court." 275 Or at 254. Rather, the court would have held precisely the opposite.

"* * * * *

"Reading all the allegations together, in the light most favorable to plaintiff, a finder of fact reasonably could infer that DMC determined to injure an employee, that is, specifically intended 'to produce [decedent's] injury or death.'"

*Id.* (emphases in original).

Similarly, in *MacCrone v. Edwards Center, Inc.*, 160 Or App 91, 980 P2d 1156 (1999), *vacated on other grounds* 332 Or 41, 22 P3d 758 (2001), the plaintiff brought an action for intentional infliction of emotional distress against her employer based on the conduct of a manager who refused to come to the plaintiff's rescue during an attack. In response to the employer's argument that its manager did not act with the requisite intent to come within the exception, we held that

"a jury reasonably could infer that the manager wished to inflict more emotional distress on plaintiff, knowing that she was suffering severe emotional distress because of the attack. Such an inference suffices to meet the requisite intent under * * * ORS 656.156."

*Id.* at 99.

Although these cases, at first blush, appear to support plaintiff's argument, neither explicitly calls into question the holding in *Bakker*; indeed, the court's opinion in *Kilminster* cites *Bakker* favorably in articulating the test for deliberate intent under ORS 656.156(2). 323 Or at 631; *see also Lusk*, 97 Or App at 188 (discussing statute's requirement that the "*employer* has had an opportunity to weigh the consequences and to make a conscious choice among possible courses of action, and also that the *employer* specifically 'intend to produce * * * injury'") (internal quotations omitted and emphases added).

Moreover, both cases contain important differences from the present case. In *Kilminster*, the plaintiff alleged in the complaint that the defendant corporation acted with deliberate intent and directly caused the injury, and, therefore, the allegation did not rest on a vicarious liability theory. *Id.* at 632. Because the appeal came to the court on a motion to dismiss, the court accepted as true those allegations

regarding the defendant employer's intent. *Id.* at 633 (concluding that "[a] reasonable finder of fact could infer that DMC acted as it did because it wished to injure or kill decedent. * * * We need not consider whether plaintiff can *prove* that defendants had the alleged specific intent to injure") (emphasis in original).

In *MacCrone*, the defendant corporation did not argue that its manager's intent could not be imputed to it for purposes of ORS 656.156(2); rather, as we phrased it, defendant argued "that its *manager* [did not act] with the requisite intent." *Id.* at 99 (emphasis added). It appears that the defendant accepted that its manager's acts and mental state could be imputed to the defendant employer, and thus the issue with which we are confronted here was not presented in that case.[5]

■ In our view, the cases cited by plaintiff do not indicate a new, post-*Bakker* approach to ORS 656.156(2). Furthermore, we are not persuaded by plaintiff's argument regarding the applicability of *respondeat superior* in this context, given the statute's requirement of intentional conduct on the part of the employer and the purpose of the exception within the overall workers' compensation scheme. In contrast, the "doctrine of *respondeat superior* is applied as a policy of risk allocation," whereby an employer is held vicariously liable for certain injuries caused by an employee. *Farris v. U.S. Fidelity & Guaranty*, 273 Or 628, 637, 542 P2d 1031 (1975). The underlying rationale is that "the [employer] rather than the innocent injured plaintiff is better able to absorb and distribute the risk." *Id.* (citing William L. Prosser, *The Law of Torts*, 459 (4th ed 1971)).[6] Liability in these

---

[5] Plaintiff also cites *Palmer v. Bi-Mart Company*, 92 Or App 470, 758 P2d 888 (1988), where we held that, based on the conduct of the plaintiff's supervisor, a jury could infer that the defendant Bi-Mart had intended to cause the plaintiff severe emotional distress. However, our holding in that case was based on the plaintiff's allegation that "Bi-Mart failed to stop a continuing course of intentional conduct * * * after being informed of it." *Id.* at 476. Here, plaintiff has alleged that VSI became aware of the alleged assault after it occurred.

[6] The Supreme Court has held that vicarious liability will be imposed on the employer when the employee's conduct was within the scope of employment, which involves three inquires, each of which must be met: (1) the conduct occurred substantially within the time and space limits of the employment; (2) the employee was motivated, at least in part, by a purpose to serve the employer; and (3) the act was of the kind that the employee was hired to perform. *Chesterman v. Barmon*, 305 Or 439, 442, 753 P2d 404 (1988).

instances "is not based upon any concept that the [employer] has committed a morally wrongful act," *id.* at 636-37, which stands in stark contrast to the rationale behind the deliberate and intentional injury exceptions, *see Jenkins,* 79 Or at 453 (referring to deliberate intent to injure another as requiring premeditated "design and malignity of heart"); *see also* Arthur Larson and Lex K. Larson, 6 *Larson's Workers' Compensation Law* § 103.06[4], 103-50 (2000) (discussing the exception's basis of moral culpability as opposed to vicarious liability via *respondeat superior,* which is not based on the shifting of moral or ethical responsibility).[7] The trial court correctly held that plaintiff could not rely on the doctrine of *respondeat superior* to come within the exception in ORS 656.156(2).

■      Plaintiff appears to advance an additional argument on appeal. He suggests that, even if VSI may not be held vicariously liable for McNair's intentional acts under ORS 656.156(2), McNair should still be regarded as the "employer" for purposes of ORS 656.156(2). As we understand plaintiff's argument, he would convert every "supervisor" into an "employer" for the purposes of ORS 656.156(2). To the extent that plaintiff advances that argument on appeal, he failed to preserve it. As noted above, plaintiff's complaint alleged that VSI was vicariously liable for McNair's intentional acts, and the issue before the trial court on defendant's summary judgment motion was whether plaintiff could rely on the doctrine of *respondeat superior* to come within the deliberate injury exception.[8] Plaintiff is limited on appeal to the issue that he raised below. *See Miller v.*

---

[7] Plaintiff argues that, if he cannot rely on *respondeat superior* to come within ORS 656.156(2), the statute will have no application to corporate employers. Not only is the exception in ORS 656.156(2) not limited to corporate employers, as plaintiff's argument assumes, but we have recognized in other contexts that a limited group of persons may be regarded as the corporate employer for the purposes of liability for intentional torts. *See Walters v. Gossett,* 148 Or App 548, 552-57, 941 P2d 575 (1997); *accord* 6 *Larson's Workers' Compensation Law* § 103.07 at 103-52. We need not decide whether that group or a different group of persons should be regarded as the "employer" for the purposes of ORS 656.156(2). It is sufficient for the purposes of plaintiff's *respondeat superior* argument to say that the term "employer" has some content without the application of *respondeat superior,* even when applied to a corporate employer. Plaintiff's argument provides no reason to disregard the text and context of ORS 656.156(2).

[8] The issue that the parties litigated below assumed that McNair was not the employer for the purposes of ORS 656.156(2) but that his acts could be attributed

*Salem Merchant Patrol, Inc.*, 165 Or App 266, 272-73, 995 P2d 1206 (2000).

Affirmed.

---

to the employer. The alternative issue that plaintiff raises on appeal assumes that McNair is the employer for the purposes of the deliberate injury exception.